424 A.2d 529

**COMMONWEALTH of Pennsylvania,**

v.

**Jeffrey CODA, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Jan. 16, 1981.

Alphonse P. Lepore, Jr., Uniontown, for appellant.

Gerald R. Solomon, District Attorney, Uniontown, for Commonwealth, appellee.

Before PRICE, HESTER and CAVANAUGH, JJ.

PRICE, Judge:

This appeal arises from the order of the Fayette County Court of Common Pleas denying relief on appellant's petition filed pursuant to the Post Conviction Hearing Act.[1] Appellant claims that he received ineffective representation by trial counsel, and that inculpatory statements were improperly admitted into evidence. We are unable to pass upon appellant's claims, however, because of the inadequacy of the record. Therefore, we remand the case for the filing of a full opinion.

The pertinent facts are as follows. In February, 1976, appellant was arrested and charged with theft by unlawful taking.[2] Following the denial of his application to suppress oral and written inculpatory statements, he was found guilty by a jury on June 16, 1976. Appellant filed a motion for a new trial and in arrest of judgment containing only boiler-plate reasons as grounds for relief. The motion was denied

1. 19 P.S. § 1180-1 *et seq.*

2. 18 Pa.C.S. § 3921.

and on March 29, 1978, appellant was sentenced to a term of imprisonment of one to two years.[3] Appellant subsequently petitioned for post conviction relief, at which time new counsel was appointed to raise a claim of ineffectiveness of counsel. A hearing was held on December 19, 1978, and shortly thereafter, appellant's claim for relief was denied. There have been no opinions filed throughout this adjudication.

■ We are unable to render a considered opinion on this appeal without having the benefit of an opinion from the post conviction hearing court. The court's findings are necessary for our determination whether "the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interest." *Commonwealth v. Musi,* 486 Pa. 102, 107, 404 A.2d 378, 380 (1979), *citing Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). Additionally, an opinion is essential to enable us to determine if the ineffectiveness of counsel was such an extraordinary circumstance as to justify appellant's failure to raise his other claims in a prior proceeding.[4]

■ "Our rules are designed to administer the appellate process in the fairest and most efficient manner possible." *Matter of Harrison Square, Inc.,* 470 Pa. 246, 251, 368 A.2d

---

**3.** The sentence was not to commence until the expiration of a sentence appellant was currently serving on another conviction.

**4.** Section 1180–4(b) of the Post Conviction Hearing Act provides as follows:
§ 1180–4. When an issue is finally litigated or waived
(b) For the purposes of this act, an issue is waived if:
(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and
(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.
(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure. 19 P.S. § 1180–4. Thus, appellant is deemed to have waived his claims unless he was barred from raising them by extraordinary circumstances.

285, 288 (1977). Rule 1925 of the Pennsylvania Rules of Appellate Procedure mandates that when an order is appealed the judge who entered the order must file an opinion detailing the reasons for the order.[5] The court's failure to comply with this rule prohibits us from conducting a meaningful review of this case. *See generally Knapp v. Knapp,* 267 Pa.Super. 554, 407 A.2d 48 (1979). Therefore, we remand for the entry of a full, detailed opinion. Upon filing of an opinion this case is to be returned to this panel and listed at the same number and term.

Remanded for disposition consistent with this opinion.

---

5. *See* 1925(a) Pa.R.A.P. which reads in full:
   Rule 1925. Opinion in Support of Order
      (a) General rule. Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.