430 A.2d 293

COMMONWEALTH of Pennsylvania ex rel. Stephanie
Stickley VONA

v.

**Robert STICKLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1981.

Filed May 22, 1981.

Eric S. Coates, Oxford, for appellant.

Thomas G. Gavin, West Chester, submitted a brief on behalf of appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is a child support case. Appellant, the father, and appellee, the mother, were divorced in March, 1978, and are the parents of two minor children. On February 14, 1978, the Court of Common Pleas of Chester County entered an order requiring appellant to pay eighty dollars ($80.00) per week plus ten dollars ($10.00) per week in arrearages to appellee for child support. Approximately one year later, appellee filed a petition to increase child support from eighty dollars ($80.00) per week to $125.00 per week. Appellant then filed a cross-petition to reduce support. A hearing

was held, and both petitions were denied in separate orders. This appeal by appellant followed. For the following reasons, we reverse and remand the matter to the trial court.

In this case, certain facts are undisputed. Appellee began working full-time after the entry of the 1978 support order.[1] In 1978, appellee earned $160.00 per week, and appellant earned twice as much, approximately $320.00 per week.

Appellant contends that the trial court's order dismissing his modification petition was erroneous because the trial court failed to articulate in its opinion the full-time employment of appellee. According to appellant, this factor, if considered, would have resulted in a reduction of the child support order. However, we are unable to render a considered opinion on this appeal because we cannot ascertain if the trial court considered the evidence presented on "what, if any, contribution the mother [was] in a position to provide." *Conway v. Dana*, 456 Pa. 536, 539, 318 A.2d 324, 326 (1974). Since *Conway v. Dana*, supra, the law in Pennsylvania recognizes that:

"Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. Both must be required to discharge the obligation in accordance with their capacity and ability. Thus, when we consider the order to be assessed against the father, we must not only consider his property, income and earning capacity but also *what, if any, contribution the mother is in a position to provide.*" *Id.* (emphasis supplied)

Furthermore, we recognize that:

" 'Each parent's ability to pay is dependent upon his or her property, income and earning capacity, *Conway v. Dana*, supra [456 Pa.] at 540, 318 A.2d at 326, and is to be determined as of the time at which support payments are sought, *Lindenfelser v. Lindenfelser*, 396 Pa. 530, 153 A.2d 901 (1968); *Jones v. Jones*, 348 Pa. 411, 35 A.2d 270 (1954);

1. At the hearing of June 5, 1979, appellee was temporarily unemployed. N. T. 6/5/79, p. 45, and Brief for Appellee at p. 1. Because all testimony to date was taken at the hearing of 6/5/79, any reference to that hearing will be designated (N.T. ——).

*Commonwealth ex rel. Simmler v. Simmler*, 134 Pa.Super. 339, 4 A.2d 215 (1938). A support order must be fair and not confiscatory and must make due allowance for the reasonable living expenses of the parent, *Commonwealth ex rel. Goodman v. Delara*, 219 Pa.Super. 449, 453, 281 A.2d 751, 753 (1971).' See also *Commonwealth ex rel. Kaplan v. Kaplan*, 236 Pa.Super. 26, 344 A.2d 578 (1975)." *Commonwealth ex rel. Burns v. Burns*, 251 Pa.Super. 393, 399, 380 A.2d 837, 840 (1977).

 Our standard for reviewing support proceedings is limited, and we will not interfere with the trial court's determination absent a clear abuse of discretion. *Commonwealth ex rel. Caswell v. Caswell*, 280 Pa.Super. 359, 421 A.2d 762 (1980); *Commonwealth ex rel. ReDavid v. ReDavid*, 251 Pa.Super. 103, 380 A.2d 398 (1977); *Bell v. Bell*, 228 Pa.Super. 280, 323 A.2d 267 (1974). Applying this standard to the instant appeal, it is clear that the trial court was correct when it said in the following opinion that *appellant* had the burden of proving that a material and substantial change of circumstances had occurred since the entry of the original support order. See *Commonwealth ex rel. Lyle v. Lyle*, 248 Pa.Super. 458, 375 A.2d 187 (1977):

"Petitioner [Appellee] filed a petition to increase support from the Order entered February 14, 1978, in the amount of Eighty ($80.00) Dollars per week. Respondent [Appellant] filed a counter petition requesting a reduction in the support award. After hearing, both petitions were dismissed. Respondent has appealed from the decision of the Court.

Respondent's petition alleges that a reduction in the Order for support of his two children, currently living with his ex-wife, is warranted because his income has decreased and his ex-wife's income has increased since the Order was entered.

Generally, a Court may only modify an existing support award when the party requesting the modification shows a material and substantial change in circumstances since the Order was entered. *Bell v. Bell*, 228 Pa.Super. 280, 323 A.2d 267 (1974).

Mr. Stickley [Appellant] is employed as a welder. He works out of a trade union, the Boilermakers. At the conclusion of a project or job, he reports to his union for a new assignment. Sometimes it takes several weeks before he is provided with work. During these periods he collects unemployment compensation.

According to his own testimony, Mr. Stickley has worked in this capacity for the past ten years. The only difference, according to him was that the past year '. . . has been slower than normal.' N.T. pg. 25. He did not begin working in 1979 until March 22. However, he also testified that he only worked nine months during 1978.

The respondent failed to demonstrate that his circumstances materially and substantially changed. Therefore, his petition to reduce the Order was denied.

> By the Court
> D. T. Marrone /s/
> P. J.

Dated: October 22, 1980"

█ It is also clear that we are unable to ascertain from the trial court's opinion excerpted above whether "the rule of *Conway v. Dana*, supra, was satisfied, "*Commonwealth ex rel. Lyle*, 248 Pa.Super. at 462, 375 A.2d at 189. The trial court's opinion "ignores appellant's argument, and refers only to appellant's '. . . income and earning capacity' *without any reference* to 'what, if any, contribution [appellee as] the mother is in a position to provide.'" (emphasis supplied) *Id.*

Despite this error, we have engaged in an independent review of the record in order to determine whether "the rule of *Conway v. Dana*, supra, was satisfied," and conclude that a remand is appropriate because certain factual matters remain unresolved.[2] These matters are within the province

---

2. In another case, this Court held that despite the trial court's failure to comply with *Conway v. Dana*, supra, a remand was not appropriate where an independent review of the record revealed that the record contained no evidence of a material change of circumstances or that the hearing judge abused its discretion. *Commonwealth ex*

of the factfinder, the trial judge, and without the scope of our review as an appellate court. See *Commonwealth v. Marcocelli*, 271 Pa.Super. 411, 415, 413 A.2d 732, 734 (1979).

The first area of inquiry which remains unresolved is whether the trial court believed appellee's testimony that the cost of living expenses for the two children increased approximately $49.75 per week.[3] This testimony is relevant to our examination of appellant's contention that the trial court abused its discretion in dismissing his petition for a reduction. Appellee maintained at the hearing that the increased cost of living and medical expenses justified an increase.[4] Although not mentioned in the opinion, the trial

*rel. Lyle v. Lyle*, supra. This Court said: "Thus, what the case comes down to is this: On the one hand, appellant [the father] correctly argues to us that the hearing judge in arriving at his order should have considered not only appellant's but appellee's [the mother's] income, but on the other hand, appellant has prevented us from knowing what the result of such a consideration would have been." *Commonwealth ex rel. Lyle v. Lyle*, 248 Pa.Super. at 463, 375 A.2d at 190. In the instant appeal, this Court is not confronted with such a situation. There is evidence on the record of increased expenses; however, because the trial court did not resolve the related question of credibility, which will be discussed later, a remand is necessary.

3. At the hearing, an itemized expense sheet, Exhibit 5, was prepared by appellee. (N.T. 36) Apparently, a different expense sheet had been prepared for the hearing on appellee's original support complaint. See Affidavit to Complaint and N.T. at p. 40. At the 1979 hearing, the trial court had before it both petitions. Upon reviewing both expense sheets, the trial court interrupted appellant's counsel in his cross-examination of appellee and said:

"THE COURT: Mr. Coates [appellant's counsel], I don't mean to cut this short but her figures now show forty-nine dollars and seventy-five cents more than what she showed when we had the last hearing. I have the other figures here. I can look at that and I can figure it out. If you compare them you will see that she is charging five dollars more for rent and twenty-five dollars for food, and eight dollars and twenty-five cents for heat and electricity. I know what it is." (N.T., at p. 42)

Our own independent review of the expense sheets establishes that they were a *weekly* account of appellee's expenses and also establishes that the trial court was correct when he said that appellee was contending an increase in the cost of living expenses of $49.75. See Exhibit P–5.

4. Although we are not reviewing the propriety of the trial court's actions when it dismissed appellee's petition for an increase because appellee did not appeal to this Court, the issue of increased expenses

court could have considered the fact that appellee was employed under *Conway v. Dana*, supra, but dismissed appellant's petition for a reduction on the basis that the employment factor was offset by the cost of living increase.[5] Absent a determination by the trial court on the matter of appellee's credibility, this Court can only speculate on the reasons for the dismissal of appellant's petition for reduction.[6] See *Commonwealth ex rel. Goodman v. Delara*, 219 Pa.Super. 449, 281 A.2d 751 (1971).

According to appellee, the medical expenses for the two children also increased over $1,500 since the entry of the original support order [N.T., at p. 34]. Appellee testified that she "thought" that the original support order required appellant to maintain medical insurance for the children [N.T., at p. 36]. Appellant disagreed on both counts. At the hearing, appellant testified that the original support order contained no provision for continued medical insurance cov-

is inextricably intertwined with appellant's contention that the trial court abused its discretion in not considering the fact that appellee was employed.

5. Appellee argues in her brief that such an interpretation is not plausible because the "counter-petition [filed by appellant] asked only for an order lessening [appellant's,] Mr. Stickley's[,] obligation to [appellee,] Mrs. Vona[,] it did not demand that the Court fix [appellee's,] Mrs. Vona's[,] obligation to herself." Brief for appellee at p. 8, n. 3. Additionally, appellee says that appellant's argument that "appellee must increase her contribution to her children's support because she enjoyed an income for fifteen months after the previous support order" is waived because that ground was not raised before the trial court. Brief for Appellant pp. 7–8. In view of our disposition of the matter, we need not address this aspect of the case.

6. Although evidence of an increase or decrease in earnings does not necessarily warrant a modification, evidence of appellee's earnings in the instant appeal is material to any court hearing on a petition for modification. *Berry v. Berry*, 278 Pa.Super. 30, 34, 419 A.2d 1340, 1342 (1980). Appellee does not argue that such evidence was not presented to the hearing judge. Rather, appellee contends that appellant "failed [to meet] his burden of proof, and [that appellee] more than met hers." Brief for appellee at p. 7. It may well be that appellee "more than met" her burden and that appellant failed to meet his burden, however, the record is deficient and does not disclose whether the trial court considered appellee's earnings as material.

erage [N.T., at pp. 9–10], and he further explained that the union office in Kansas was instructed to remove appellee and not to remove his two children as dependents [N.T., at p. 4]. The issue of medical insurance coverage was under negotiation by both attorneys at the end of the hearing. There is no indication, from the hearing transcript or otherwise, that the attorneys negotiated an agreement on this issue or that the trial court believed all, part or none of the evidence presented.[7] Again, to render a conclusion at this juncture would be an exercise in speculation. See *Commonwealth ex rel. Goodman v. Delara,* supra. Hence, the matter must be remanded to the trial court for the entry of a "full,

7. The record revealed the following colloquy prior to the end of the hearing:

"MR. COATES [Appellant's Counsel]: Well, I don't think she has really shown that there has been a change in circumstances as far as the insurance is concerned. There is an increase in [medical] bills, no doubt about it, but whether they are covered or by whom, I don't think she has shown a change of circumstances there.

(Whereupon, further argument of counsel not reported per request of Court.)

MR. GAVIN [Appellee's Counsel]: I show you a letter of October seventeenth that we sent to Mr. Coates concerning the back payment of the medical bills and we were told that the medicals would be paid if we waived the back support. This is something Mr. Coates and Mr. Stickley has known.

MR. COATES: He was going to pay it out of his pocket because he didn't think he had any insurance. I'm submitting that we have shown that his earning has gone down because of less work than what there was before. If he can get the insurance then there is no problem.

THE COURT: Well, what am I supposed to do here?

MR. GAVIN: I would ask Your Honor to hold any decision in abeyance and let Mr. Coates and I talk and if we are unable to come to an agreement then I would ask Your Honor to decide whether or not there should be an increase to cover the medical expenses.

THE COURT: How long do you need? You have been in here for close to an hour and it wasn't necessary if that is the case because all she wants is that these kids be covered.

MR. GAVIN: Your Honor, there is a factual difference. I have talked to the people in Kansas and this gentleman disputes what they say. I'm not sure we can get back to you in fifteen minutes.

THE COURT: I will give you a week to straighten it out. I will hold the matter under advisement. I know what the testimony is and if I have to decide it that way I will decide it, including the fact that she is now employed." (N.T., at pp. 46–48)

detailed opinion". See *Commonwealth v. Coda,* 283 Pa.Super. 408, 411, 424 A.2d 529, 531 (1981). Cf. *Knapp v. Knapp,* 267 Pa.Super. 554, 557, 407 A.2d 48, 50 (1979) (case remanded a second time to the trial court where the findings of fact, not sufficiently detailed, prevented meaningful appellate review). Upon filing of an opinion, this case is to be returned to this panel and listed at the same number and term.

Remanded to the trial court for disposition consistent with this opinion.