454 A.2d 139

**COMMONWEALTH of Pennsylvania**

v.

**Anthony J. VENERI, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Filed Dec. 30, 1982.

Anthony Veneri, appellant, in pro. per.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, BROSKY and ROWLEY, JJ.*

PER CURIAM:

Before us is appellant's direct appeal from his April 10, 1979, conviction by a jury of several crimes in connection with his attempted escape from the Delaware County Prison on Christmas Eve, 1978.[1] *Pro se* and counselled post-verdict motions were filed and the trial court filed an opinion and entered an order denying relief on March 21, 1980. Six days later, after receiving a counselled amended motion for a new trial and arrest of judgment, the trial court entered an order withdrawing and rescinding the earlier opinion and order to allow the post-trial motions to be argued before the court en banc. The motions were briefed and argued by counsel. On May 28, 1981, an order was entered by the court en banc denying the post-trial motions. On June 23, 1981, appellant was sentenced to a total of two to four years imprisonment, fines totalling $30.00 and costs of prosecution.[2] Appellant timely filed a

* This case was reassigned to the above-named panel on October 21, 1982.

1. Appellant was convicted of kidnapping (two counts), terroristic threats (two counts), possession of instruments of crime, resisting arrest, possession of implements of escape, criminal attempt (escape), and conspiracy.

2. On the kidnapping conviction, appellant was sentenced to one to two years in prison plus a $10.00 fine and costs of prosecution; on the terroristic threats conviction appellant was sentenced to six to twelve months in prison plus a fine of $10.00 and costs of prosecution; and on the possession of instruments of crime conviction appellant was sentenced to six to twelve months imprisonment plus a fine of $10.00. The sentences for resisting arrest and for possession of weapons or implements of escape were suspended. The convictions for criminal

*pro se* notice of appeal as well as a *pro se* brief. A brief for the Commonwealth has also been submitted.

On appeal, appellant raises seven assignments of error. However, the merits of these issues cannot be addressed at present because appellant is in need of a properly conselled advocate's brief. At trial, through argument of the post-verdict motions and at sentencing, appellant was represented by the Delaware County Public Defender's Office. However, the record does not reflect any participation by appellant's counsel subsequent to the sentencing proceeding.[3]

■ It is now beyond question that an indigent defendant must be afforded the advice and representation of counsel on direct appeal from his conviction of crimes such as those involved in this case. Counsel must provide that representation until he is properly relieved of his responsibility. *Commonwealth v. Burgess*, 263 Pa.Super. 234, 397 A.2d 833 (1979). *See* Pa.R.Crim.P. No. 302. In this case, counsel has neither filed a brief on behalf of his client nor has he filed a proper petition to withdraw his appearance pursuant to *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968) and its progeny. *See Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Presented as they are, the issues in this case are incomprehensible; appellant is in need of a properly counselled advocate's brief.

attempt (escape) and conspiracy were held to have merged in the other convictions and no sentence was imposed. The sentences imposed were, as a group, to be served consecutively, but the total two to four year term was made concurrent with the terms appellant was then serving.

3. We are aware that there is another appeal pending before an en banc panel of this court in which appellant is challenging his conviction of other crimes. *Commonwealth v. Veneri*, 306 Pa.Super. 396, 452 A.2d 784 (1982). The events in the case at bar took place while appellant was in prison awaiting resolution of that appeal. Furthermore, at least one issue presented in this appeal is the same as that currently before the court en banc. We recognize the possibility that this duplication may have caused some confusion and oversight. Furthermore, this case was submitted to this court without oral argument and thus did not provide counsel with that added opportunity to detect any error at an earlier time.

Counsel's assistance, of course, is needed because an exploration of the legal ground for complaint, an investigation of the underlying facts and a more articulate statement of the claims are functions of an advocate that are inappropriate for a judge or his staff.

*Commonwealth v. Lenhart,* 296 Pa.Super. 131, 133, 442 A.2d 331, 332 (1982) (citation and quotation omitted).

■ In light of the foregoing circumstances and pursuant to the power granted to us by 42 Pa.C.S.A. § 706 to "require such further proceedings to be had as may be just under the circumstances," we issue the following:

## ORDER OF COURT

(1) The Delaware County Public Defender's Office shall within thirty (30) days file of record in the trial court and serve on the trial judge a concise statement of the matters complained of on appeal in accordance with Pa.R. A.P. No. 1925(b), or, in the alternative, within the same time period file in the trial court a petition to withdraw as counsel and brief in support thereof meeting the substantive requirements of *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981); *Commonwealth v. Greer,* 455 Pa. 106, 314 A.2d 513 (1974); and *Commonwealth v. Liska,* 252 Pa.Super. 103, 380 A.2d 1303 (1977).

(2) If the Delaware County Public Defender is permitted to withdraw, the trial court shall forthwith appoint new counsel who shall, within thirty (30) days file the statement of matters complained of on appeal in accordance with Pa.R.A.P. No. 1925(b) as described above.

(3) Within thirty (30) days after the filing of the Rule 1925(b) statement, the trial court shall file an order reinstating the earlier rescinded opinion by Judge Diggins or file an opinion for the court en banc. Upon the filing of such opinion, the record in this case is to be returned forthwith to this panel and listed at the same number and term. *Commonwealth v. Coda,* 283 Pa.Super. 408, 411, 424 A.2d 529, 531 (1981).

(4) Within thirty (30) days after the service and filing of the opinion, appellant's counsel shall file an advocate's brief in this court. Service shall be accomplished as provided by general rule.

(5) Within thirty (30) days after the filing and service of appellant's counselled advocate's brief, the Commonwealth, as appellee, shall file either a new brief or a written notice that it intends to stand upon the brief already submitted on its behalf. Service shall be accomplished as provided by general rule.

It is so ordered.

Jurisdiction is retained.