455 A.2d 159

**COMMONWEALTH of Pennsylvania**

**v.**

**Carl Edwin DONLEY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed Jan. 21, 1983.

Petition for Allowance of Appeal
Denied Jan. 16, 1984.

---

Debbie O'Dell, Washington, for appellant.

Morrison F. Lewis, Jr., Assistant District Attorney, Greensburg, for Commonwealth, appellee.

Before HESTER, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

Appellant was convicted by a jury of robbery and conspiracy to commit robbery in February, 1979 and was subsequently sentenced to a term of imprisonment of two to five years. Post verdict motions were denied and this appeal followed. Mr. Donley argues that an "on-the-scene" identification of him by a witness to the robbery was made in violation of his constitutional rights. He therefore contends that both the identification and incriminating statements made by him following it should have been suppressed. Appellant also argues that the criminal information filed by the District Attorney of Westmoreland County was not properly signed and is therefore void. Finding no merit to these claims, we affirm the judgment of sentence.

We will first dispose of Mr. Donley's argument as to the criminal information. He contends that the information was not signed by the District Attorney, as is required by Pa.Rule of Crim.Proc. 225(b).

The information was "rubber stamped" with a facsimile of the District Attorney's signature and below that stamp were written in ink the date and the initials of the First Assistant District Attorney.

In *Commonwealth v. Contakos*, 492 Pa. 465, 424 A.2d 1284, 1287 (1981) our Supreme Court wrote:

> We believe that the approval and initialing of the information by an assistant district attorney, along with the stamped signature of the district attorney, complies with our rules, the Judicial Code and the concerns enunciated in [*Commonwealth v.*] *Belcher* [258 Pa.Super. 153, 392 A.2d 730] as Warmen [the Assistant District Attorney] had been designated to act in the district attorney's stead in the manner called for in the Judicial Code.

Subsection (i) of 42 Pa.C.S.A. § 8931 entitled "Indictment and information"[1] provides that the term "district attorney" as used in that section

[i]ncludes ... those assistant district attorneys whose authority to act for the district attorney under that section is evidenced by a written designation executed by the district attorney or acting district attorney and filed with the clerk of courts.

If it were clear to us that the Assistant District Attorney whose initials appear on the information had been properly designated as one authorized to sign informations in place of the District Attorney, this case would present the same factual situation as existed in *Contakos,* supra.

Unfortunately the record does not indicate whether the information was signed in compliance with the above quoted provisions of the Judicial Code.

Our court recently decided the question of whether a rubber stamp facsimile standing alone is a sufficient signature of the information. Agreeing with our earlier finding in *Commonwealth v. Emanuel,* 285 Pa.Super. 594, 428 A.2d 204 (1981) (allocatur granted) we found a mere stamped signature inadequate to meet the requirements of Rule 225(b). However, while finding the lack of proper signature to be in error, we concluded that the error was not such as to render the criminal information void *ab initio.* We concluded that the error made the information voidable and held that if the absence of proper signature is not contested in a pre-trial motion to quash the informations, the error is waived. *Commonwealth v. Veneri,* 308 Pa.Super. 297, 454 A.2d 139 (1982).

Our review of the record in the present case indicates that appellant did not contest the validity of the information pretrial. Therefore, although we cannot be sure that the Assistant District Attorney's initials were placed on the document in compliance with the Judicial Code (as was the

1. Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended.*

case in *Contakos* );  we nonetheless find no reversible error. See *Veneri, supra.*

We turn now to appellant's contentions as to an out-of-court identification of him by a witness to the robbery.  Mr. Donley argues that the identification was made in violation of his constitutional rights to due process and counsel. Therefore, he concludes both evidence of the identification and incriminating statements which he made following it should be suppressed.

The robbery of Bill's Dandy Dollar occurred on September 20, 1978 at approximately 2:50 p.m.  Approximately one hour later appellant was arrested with two other suspects on a highway several miles from the robbery site.  Appellant was transported in a police vehicle to a parking lot across the street from Bill's Dandy Dollar where he was identified by a witness to the crime.  The identification took place approximately two hours after the robbery.

When he was identified, appellant was seated alone in the back seat of the police car.  He was handcuffed.  The other suspects had been transported to the scene separately and were apparently identified while standing outside a police car.  They were also handcuffed.  Appellant is white;  the other two suspects were black.

Identification evidence that is found to have been obtained as a result of an unnecessarily suggestive procedure will be held inadmissible.  *Stovall v. Denno,* 388 U.S. 293, 301–02, 87 S.Ct. 1967, 1972–1973, 18 L.Ed.2d 1199 (1967).  However, absent some special element of unfairness, an in-custody, on-the-scene identification does not violate a defendant's due process rights.  *Commonwealth v. Ramsey,* 259 Pa.Super. 240, 393 A.2d 806 (1978).

As was explained in *Commonwealth v. Santiago,* 229 Pa.Super. 74, 323 A.2d 826–828 (1974).

... The primary reason for the admissibility of such confrontations is that the close proximity in time and place to the actual offense so enhances the reliability as to outweigh the prejudice.  The closer the confrontation

to the time of the crime, the greater is the likelihood that the victim or witness can recall the image of the criminal. Similarly, the less the environment of the criminal episode has changed, the fewer the extraneous factors of suggestion that adhere to any confrontation between victim or witness and suspect....

(citations omitted)

See also *Commonwealth v. Carter*, 271 Pa.Super. 508, 414 A.2d 369 (1979).

■ We find no such element of unfairness in this case. The witness, Lou A. Garber, had been in the rear of the store when the robbery began. He was told it was in progress and proceeded to the front of the store where he saw two black males with guns; one was aimed at Mr. Garber's wife. He watched the robbers for several minutes and then followed them to a parking lot across the street. When the car they entered drove past Mr. Garber's car, in which he was seated, he observed that the driver, later identified as appellant, was a white male with blond hair and sunglasses. Mr. Garber's best view of the driver was from the side, several feet from his own vehicle. It lasted only a few seconds, but it was daylight and Mr. Garber said he was able to see the driver. Mr. Garber followed the robbers' vehicle for some time, but eventually lost sight of them.

Although the witness did not observe appellant for a great length of time, we are satisfied that under the circumstances, he had an adequate opportunity to see him. His attention was completely focused on the car and its inhabitants.

When the suspects were returned to the parking lot, Mr. Garber was taken to see them. The police officer who asked him if appellant was the driver testified at a preliminary hearing that he had Mr. Donley remain in the vehicle because the witness had seen him sitting, never standing.

The identification was made close in time to the robbery. See *Commonwealth v. Aaron*, 255 Pa.Super. 289, 386 A.2d

1006 (1978). The circumstances under which appellant was identified were similar to those under which the witness had seen the driver.

We find no unfairness.

Appellant's remaining claim is that the identification procedure violated his sixth amendment right to counsel. However, we have held that the right to counsel has not yet attached to a prompt, post-arrest, on-the-scene confrontation between a witness and a suspect. See *Commonwealth v. Gray*, 262 Pa.Super. 351, 396 A.2d 790 (1979).

Accordingly, judgment of sentence is affirmed.