564 A.2d 504

**Geraldine Patricia Larkin BRADLEY, Appellant,**

v.

**William Stanley BRADLEY, Jr.**

Superior Court of Pennsylvania.

Argued May 3, 1989.

Filed Sept. 25, 1989.

504

J. Scott O'Keefe, Philadelphia, for appellant.

William B. Borrebach, Media, for appellee.

Before CAVANAUGH, TAMILIA and KELLY, JJ.

TAMILIA, Judge:

Appellant Geraldine Patricia Larkin Bradley appeals an Order entered October 17, 1988 which directed appellee father to pay a sum of $97.50 per week for maintenance of the parties' two minor children; awarded him credit in the amount of $2,333 on the existing arrearage, representing one-half the total of $4666 amount of mortgage payments he had made during 1988; and directed that he was, as of November 30, 1987, no longer responsible for mortgage payments or for maintaining medical insurance on the chil-

dren. The Order also found appellee to be in contempt for his failure to comply with the prior court Order, and gave him an opportunity to purge his contempt by paying $50 per week for three weeks immediately following September 29, 1988. The court added that if he met his obligations, appellee could postpone sanctions on the contempt by presenting to the court a record of his job searching efforts. The October 17, 1988 Order was retroactive to November 30, 1987.

The facts surrounding the appeal are that father was obligated by an Order filed November 7, 1984 to make support payments for the children amounting to $115 per week. The master's recommendation stated that the amount had been arrived at by agreement of the parties. Although the master's recommendation also stated that father was to pay the mortgage and the children's medical insurance expenses, the Order did not so provide. In April of 1987, father filed a petition for reduction of support, and in May of 1987, wife filed a petition for an increase of support. A master's recommendation of support in the amount of $84 per week was approved by the court by a July 8, 1987 temporary Order. Mother filed exceptions to the master's Order on July 17, 1987, but she later withdrew her exceptions in August of 1987. On August 26, 1987, she instituted contempt proceedings against father and a rule to show cause was issued. A hearing on the contempt petition was held on November 27, 1987 before a master, and the master suggested father's wages be ordered to be attached. Father, on November 30, 1987, filed a "PETITION FOR APPEAL OF MASTER'S ORDER, SUSPENSION OF MORTGAGE PAYMENTS, AND REVIEW OF TEMPORARY ORDER". On November 30, 1987, a rule to show cause why the support Order should not be reduced retroactive to the date of filing of the petition and why she should not make mortgage payments was issued against mother. On July 27, 1988, mother filed a contempt petition, and a rule to show cause why he should not be found in contempt was issued against father. A hearing was held on September 29, 1988 on both appellee's petition for appeal from the

master's Order and the contempt petition. The Order in question was then filed on October 17, 1988. Appellant's petition for reconsideration and/or rehearing was denied on October 19, 1988, and appellant, on October 25, 1988, filed notice of appeal.

■ On appeal mother contends, *inter alia*, that the court erred in reviewing father's petition for appeal of the master's Order, suspension of mortgage payments, and review of temporary order at the hearing held on September 29, 1988 because that petition was untimely filed. We note, however, the mother has failed to file a motion to quash, which is the proper procedural approach to deal with this issue.

Our standard of review of child support proceedings is as follows:

> [It] is well settled that we cannot disturb a lower court's order of support absent a clear abuse of discretion or law. *Commonwealth ex rel. Hagerty v. Eyster*, 286 Pa.Super. 562, 429 A.2d 665 (1981); *Commonwealth ex rel. Vona v. Stickley*, 287 Pa.Super. 296, 430 A.2d 293 (1981). A finding of such abuse is not lightly made and must rest upon a showing of clear and convincing evidence. The lower court must be upheld on any valid ground. *Straub v. Tyahla*, 274 Pa.Super. 411, 418 A.2d 472 (1980).

*Lyday v. Lyday*, 360 Pa.Super. 16, 23, 519 A.2d 967, 971 (1986) (quoting *Shindel v. Leedom*, 350 Pa.Super. 274, 279, 504 A.2d 353, 355–56 (1986)). Although father's petition was captioned, "PETITION FOR APPEAL OF MASTER'S ORDER, SUSPENSION OF MORTGAGE PAYMENTS, AND REVIEW OF TEMPORARY ORDER," the substance of the petition clearly sought modification of the existing support Order based upon changed circumstances. The petition provides:

1. That your Petitioner is William Stanley Bradley, Jr., the Respondent is Geraldine Patricia Larkin Bradley.

2. That there is presently outstanding an Order of Court in the amount of $84.00 per week for the support and maintenance of two children together with an order

that Petitioner herein pay the mortgage. The mortgage amount is presently $640.00 payable to Bryn Mawr Trust.

3. That Your Petitioner believes and therefore avers that by reason of a change of circumstances in that he now is employed as a regular employee at Carr Electric, and by reason of the fact that the Respondent now has additional income, that the Support Order in the above captioned matter should be reduced and that the obligation to pay on the mortgage be abandoned and suspended.

4. That your Petitioner believes and therefore avers that the temporary order presently outstanding is consifcatory [sic] and prejudicial to his monetary condition.

5. That your Petitioner believes and therefore avers that the support order should be reduced and the mortgage payment obligation vacated.

WHEREFORE, your Petitioner prays your Honorable Court to grant a Rule upon the Respondent, to show cause, if any she has, why the Support Order in the above captioned should not be reduced retroactive to the filing date of the Petition and why the mortgage payment obligation existing unto the Petitioner should not be vacated of record.

(Petition, 11/30/87.)

While mother's argument concerning the timeliness of exceptions would appear at first impression to be well taken, upon further examination, we are inclined to find the trial court committed no clear abuse of discretion in treating the petition as one for modification and in dealing with it directly rather than sending it to a master, and we therefore reject this contention. As such, it is not a petition of appeal from the master's report pursuant to Pa.R.C.P. 1910.11, but rather a proceeding to modify a support Order pursuant to Pa.R.C.P. 1910.19.

Next, mother asserts that the court erred in modifying the support Order because father failed to demonstrate a material and substantial change of circumstances since entry of the 1984 Order. The general rule is "a Court may

only modify an existing support award when the party requesting the modification shows a material and substantial change in circumstances since the Order was entered." *Commonwealth ex rel. Vona v. Stickley*, 287 Pa.Super. 296, 299, 430 A.2d 293, 295 (1981). Because the court treated the petition filed on November 30, 1987 as a petition for modification, we must review the court's findings in regard to changed circumstances since that time. Further, since both the 1984 and 1987 Orders were made without testimony, the court was not limited to considering only changed circumstances, but could be justified in examining the entire situation de novo. *See Palmatier v. MacCartney*, 365 Pa.Super. 300, 529 A.2d 518 (1987).

At the September 29, 1988 hearing, father testified he worked for himself until July or August of 1987 under three companies he created from which to do his electrician work. Because the businesses became unfeasible, he started to work as an electrician for Carr Electric at a rate of $15 per hour. He further testified that in late 1987 he had been arrested for driving under the influence and that his employment with Carr had been severed in January of 1988 because of the status of his driver's license. He leaves unexplained why he was terminated in January, when he was not convicted of the charge until June of 1988 and he did not lose his license until September of 1988. Appellee also testified that since leaving Carr, he had been unable to take a steady job because his fifteen weekends jail sentence interfered with his ability to work shifts. He explained he had been working side jobs and had earned $600 in August of 1988, including $75 for work done at the VFW. Mother testified that in July of 1987 she had worked part time and was paid on an hourly basis, but she had later become full time and was paid $300 per week. In view of this evidence, we find no abuse of discretion on the part of the court in determining father had met his burden of proof, as to changed circumstances. We further reject as without merit mother's contention that the court erred in determining appellee's second driving under the influence conviction

constituted a change of circumstances since the court made no such finding.

Appellant next urges that the court abused its discretion in not ordering appellee to be responsible for making mortgage payments or maintaining medical insurance for the children. As father points out, however, the original Order of November 7, 1984 did not approve the master's recommendation that father make mortgage payments. We note that the July 8, 1987 temporary Order also did not Order payment of the mortgage or medical insurance. While mother contends the October 17, 1988 Order and the trial court Opinion are inconsistent in that the former states that father is, as of November 30, 1987, no longer responsible for making mortgage payments or maintaining medical insurance on the children, whereas the latter explains that the court has not changed father's responsibility to make "future payments," we find no need to address this seeming inconsistency since father was not obligated by any court Order to make such payments.

■ Next, in deciding whether the court erred in granting father credit against arrearages for part of the sum he had paid toward the mortgage, we find no abuse of discretion. The trial court made the following determination based upon the testimony.

I find the nets for her and the guidelines and then taking into consideration the actual situation between these two individuals, we find that the needs of these two children total $150 a week. We find the potential of the father to be $500 a week and the actual of the mother to be $300 a week. Their obligation to support these children under the law is equal as modified by the ratio between their earnings. We find the father's share to be sixty-five percent and the mother's share to be thirty-five percent. That means he pays $97.50, she pays $52.50.

(T.T., 9/29/88, p. 68.)

At the hearing before the trial court, mother did not dispute that during 1988 father had made $4,666 in mortgage payments on the home where she and the children

lived. As noted above, father was not under Order of court to do so. Thus, it was within the court's discretion to credit father's arrearages with one-half of the mortgage payments he had made during 1988. The trial court Opinion explains that it awarded father the credit in the interest of fairness, and because the October 17, 1988 Order, retroactive to November 30, 1987, placed father further in arrears. It must be pointed out that the manner of dealing with the arrears in this case does not contravene the law, as recently amended by Act 1988–35, effective 3/25/88, which fixes the amounts due, pursuant to support Orders, as "judgments by operation of law", 23 Pa.C.S. § 4352(c) **Arrears as judgments.** The law does not prevent giving credit for amounts actually paid toward the support obligation, even though not recorded in the domestic relations record. A closer question involves the rescission of arrears back to the date of the filing of the petition for modification (November 30, 1987). Also, pursuant to the recent amendment, 23 Pa.C.S. § 4352(d) **Retroactive modification of arrears,** arrears no longer may be rescinded, vacated or reduced except where a petition for modification has been filed, and only to the date of that petition. Section 4352(d) provides:

> *No court shall modify or remit any support obligation, on or after the date it is due, except with respect to any period during which there is pending a petition for modification. If a petition for modification was filed, modification may be applied to the period beginning on the date that notice of such petition was given, either directly or through the appropriate agent, to the obligee or, where the obligee was the petitioner, to the obligor.* (Emphasis added.)

It appears without question that the trial court complied with this provision.

Last, mother contends the court erred in failing to find father's flagrant defiance of the court Orders in this matter precluded him from the relief he sought. In support of her argument, mother cites *Commonwealth ex rel. Goodwin v. Goodwin,* 413 Pa. 551, 198 A.2d 503 (1964), and *Common-*

*wealth ex rel. Beemer v. Beemer,* 200 Pa.Super. 103, 188 A.2d 475 (1962). These cases are inapposite to her position, since they deal with quashing of an appeal where the *appellant* has been in flagrant defiance of a court Order. Finding no clear abuse of discretion on the part of the trial court, we affirm the Order in question.[1]

Order affirmed.

KELLY, J., concurs in the result.

---

**1.** We take note of the fact that the record does not indicate the trial court complied with the mandate of *Melzer v. Witsberger,* 505 Pa. 462, 480 A.2d 991 (1984), which requires the court to follow specific guidelines in ascertaining the amount of a support Order. However, neither party raised this issue on appeal and since there appears not to be a grossly disproportionate allocation of responsibility in relation to the parties' respective financial position, we are not compelled to reverse the trial court's disposition. Also, we have found that the *Melzer* formula is most useful in complex cases, which is not the situation here. *Commonwealth ex rel. Loring v. Loring,* 339 Pa.Super. 92, 488 A.2d 324 (1985) (footnote 2).