278 Pa. Superior Ct. 135 (1980)
420 A.2d 466
Marjorie B. MACHEN, Appellant,
v.
Donald E. MACHEN.
Superior Court of Pennsylvania.
Argued November 12, 1979.
Filed April 25, 1980.
*136 Geoffrey P. Wozman, Pittsburgh, for appellant.
David J. Greenberg, Pittsburgh, for appellee.
*137 Before SPAETH, HOFFMAN and VAN der VOORT, JJ.
SPAETH, Judge:
This is a support case. On February 7 and 8, 1978, appellant Marjorie B. Machen filed a complaint for support against her husband, appellee Donald E. Machen. The complaint was subsequently withdrawn incident to an attempted reconciliation between the parties. Upon their failure to reconcile, the parties separated in May 1978, the wife returning to live with her parents, and on June 5, 1978, the wife filed an amended complaint for support. (There have been no children born of this marriage.) A support hearing was held on August 23, 1978, resulting in an order for the wife in the amount of $600 per month. As appellant, the wife argues that this amount is manifestly unreasonable and inadequate, and that in fixing it, the lower court abused its discretion.
In support proceedings, an appellate court will defer to the lower court, absent a showing of a clear abuse of discretion. Costello v. LeNoir, 462 Pa. 36, 337 A.2d 866 (1975); Weiser v. Weiser, 238 Pa.Super. 488, 362 A.2d 287 (1976) (SPAETH, J. concurring and dissenting opinion). In order to determine whether an abuse of discretion has occurred, we consider whether the lower court has misapplied or overridden existing law, made a manifestly unreasonable judgment, or ruled with partiality, prejudice, bias or ill will. Straub v. Tyahla, 274 Pa.Super. 411, 418 A.2d 472 (1980) (child support) quoting Commonwealth ex rel. Levy v. Levy, 240 Pa.Super. 168, 177, 361 A.2d 781, 785 (1976). Among the principles of existing law that the lower court must apply is the principle that in determining a spouse's support obligation, the factors to be considered are income, potential earning capacity, and other property and financial resources. Straub v. Tyahla, supra; Commonwealth ex rel. ReDavid v. ReDavid, 251 Pa.Super. 103, 380 A.2d 398 (1977).
The evidence of the husband's income was as follows: In 1976, his gross receipts from his first year of dental practice were reported on his income tax return as $66,872. His net *138 profit was only $2,342, due to substantial deductions and business expenses. (R. 28a) In 1977 his gross receipts from practice were reported as $159,633. His net profit for this year was $66,296. Among the business expenses declared for this year were $9,270 in travel, promotion and entertainment, $10,527 for depreciation of office equipment (R. 51a), and $6,000 for depreciation of rental property (R. 59a). For the first three months of 1978, his gross receipts from practice were estimated at $91,000, and his expenses at $53,000. (R. 27a)
In determining a party's potential earning capacity, the evidence of income as reported by the party to the federal government is not conclusive.
[T]he federal government's decision not to tax particular items does not control the calculation of earning power as one of the elements in determining a support order.
Commonwealth ex rel. ReDavid v. ReDavid, supra, 251 Pa. Super. at 106, 380 A.2d at 399, citing Commonwealth ex rel. Rankin v. Rankin, 170 Pa.Super. 570, 87 A.2d 799 (1952). An item not considered income for tax purposes may nevertheless properly be considered in determining a party's support obligation. Commonwealth v. Turnblacer, 183 Pa.Super. 41, 44, 128 A.2d 177, 179 (1956). An example of this principle is the husband's deduction for depreciation.
Depreciation involves no cash expenditure at the time it is taken as a deduction. The amount claimed for depreciation represents additional cash available for the defendant's use. . . . In ascertaining the earning capacity of a defendant, the net income ordinarily should not be increased by the entire amount of depreciation claimed in the tax return but by a part of it as determined from all the circumstances including the amount of depreciation claimed and the property depreciated.

Commonwealth v. Miller, 202 Pa.Super. 573, 577, 198 A.2d 373, 375 (1964).
With respect to other property and financial resources: The husband and wife are joint owners of a four-bedroom *139 house in Squirrel Hill, purchased in 1976 for approximately $70,000 to $80,000, and containing furnishings estimated by the wife to be worth $10,000. The couple also jointly owns two apartment buildings purchased in September 1976 for approximately $100,000. The husband testified that one apartment building was purchased through a $60,000 loan, and the other for a $27,000 note. (R. 122a-123a) Payment on these loans, as well as on another loan of $15,000 that the husband testified he entered into for the purchase of business equipment (R. 123a), should not be considered as decreasing the husband's net worth but instead as increasing his equity. Commonwealth ex rel. Gitman v. Gitman, supra; Commonwealth v. Miller, 202 Pa.Super. 573, 198 A.2d 373 (1964).
The record further indicates that the husband's apparent affluence allowed the couple to enjoy a high standard of living. They managed to take at least two vacations per year during the years they lived together. The wife testified that her husband offered her $1,000 every season for expenditures in clothing, and that she was able to purchase whatever jewelry she desired. (R. 91a-92a) In addition, there was testimony that the couple entertained friends regularly at restaurants, and were members of a Monroeville country club for at least five years of their marriage. (R. 92a, 96a)
It is the standard of living to which a family becomes accustomed that governs the calculation of a proper support order, consistent, of course, always, with the husband-father's income and assets.

Commonwealth ex rel. Gitman v. Gitman, 428 Pa. 387, 397, 237 A.2d 181 (1967) (spouse and child support).
The wife testified that her net income as an oral hygienist was approximately $600 per month and that a good part of her earnings went for automobile expenses. (R. 89a) She also testified that she was living with her parents, sleeping on a bed in their den, because she could not afford an apartment, and that she could not afford to go out to dinner, or to take vacations. Meanwhile, the husband *140 evidently continues to enjoy the couple's earlier, affluent standard of living, as he lives in the couple's house and maintains membership in the local country club.
If the husband-father can afford for himself a caviar-champagne standard of living, it is not justice, nor legal, that the wife should be content with a tent and bred-and-butter menu for herself and brood.

Commonwealth ex rel. Gitman v. Gitman, supra, 428 Pa. at 394, 237 A.2d at 185.
In our opinion the lower court's award of $600 per month support for the wife reflects a misapplication by the court of the principle that in determining a spouse's support obligation, the court should consider the spouse's income, potential earning capacity, and other property and financial resources. Had all of these factors been considered here, it seems evident that a substantially higher award would have been made. We shall therefore remand for a further consideration, to be conducted in light of the principles we have stated above.
In remanding, we note the lower court's comment on what it termed the "lack of an explanation as to why the substantial sums of money that were within her [the wife's] control between May 1978 when she left home, and her appearance before this court, were not utilized to maintain her lifestyle at the desired level." (Slip op. p. 4). By this comment, the lower court was referring to $9,000 of the couple's jointly-owned money, which the wife testified to having under her control as of May 1978. She testified that out of that amount, she gave her parents approximately $500 per month for her room and board, and also, that she used some of it to purchase items for herself and as presents for members of her family. (R. 114a-115a) As the lower court stated, her testimony regarding these matters was vague, and on remand it may be that further testimony will be taken. The wife is entitled to that amount of the $9,000 as was used for her reasonable living expenses. However, the husband is entitled to a credit against his support obligation for that amount, if any, as did not go towards his *141 wife's support but instead was given to her parents as a gift, or used for other nonsupport purposes. The lower court correctly stated that the husband's support obligation may be "significantly mitigated by the use to which she puts funds received, the manner in which she accumulates the funds, and her assets and earning capacity. Wechsler v. Wechsler, 242 Pa.Super. 356, 363 A.2d 1307 (1976), Borrow v. Borrow, 199 Pa.Super. 592, 185 A.2d 605 (1962)." (Slip op. at 3)
Reversed and remanded for further proceedings consistent with this opinion.