**Alan G. EMSLEY, Petitioner,**

v.

**Patricia G. EMSLEY (Bellezza-Aures), Respondent.**

Family Court of Delaware, New Castle County.

Submitted: April 29, 1983.

Decided: July 21, 1983.

Joel D. Tenenbaum, Wilmington, for petitioner.

Lawrence Ashby, Wilmington, for respondent.

POPPITI, Judge.

The matter is presently before the Court for decision on the petition of Patricia Bellezza—Aures (hereinafter "Mother") for child support from Alan G. Emsley (hereinafter "Father"). A Review de Novo was filed from an opinion and order of the Master dated September 21, 1982. The matter was submitted to the Court on papers.

On November 26, 1980, the parties entered into a Stipulation and Order on Ancillary relief disposing of all ancillary matters, including child support, and the Court "So Ordered" the Stipulation on December 1, 1980 (hereinafter the "Order"). Pursuant to paragraph 9 of the Order, the parties agreed to pay child support effective December, 1980 in accordance with the Court's child support formula. The parties were, however, never able to reach agreement regarding an appropriate amount of child support for the parties' two minor children due in part to the Father's fluctuating income from a number of sources but also due in larger part to the parties' disagreement over the effect of the Father's substantial real estate investments and how finances with respect to these investments should impact on the calculation.

■ An examination of the respective positions taken by counsel and a review of the record suggests to the Court that the parties have agreed to use the Mother's 1040 form to determine her income. Additionally, however, the parties have agreed not to consider capital gains and/or losses in computing the support obligation. Although the Family Court recognizes that in certain cases the inclusion of capital gains or losses may in some manner be appropriate, the Court will continue to recognize agreements of the parties to exclude certain items from the calculations. Mother G. v. Father G., Del.Fam., Civil No. 5–1703, Wakefield, J. (Feb. 27, 1976).

Having stated the above, the Court is, therefore, satisfied that the Mother's monthly income is in the amount of $1,028.00—calculated as follows:

Respondent's net monthly income = $979 + [$1,177.00 (tax refund) ÷ 2 (Respondent and her husband ÷ 12 months] or $1,028.00

I Life Insurance Policy Premiums

■ Pursuant to paragraph 12 of the Order each party is to maintain a $100,000 life insurance policy naming the children as beneficiaries. The question becomes whether the amount paid for the premiums should be deducted from the respective parties' income. The answer is Yes.

■ Ordinarily, the only allowable deductions from gross income (that is, all income received directly or indirectly) for child support purposes are taxes, FICA (Social Security), and other required or necessary expenses or payments. I.B. v. R.W.W.B., Del.Fam., Civil No. A–3000, Melson, J. (Nov. 10, 1977) [applying the original Delaware Child Support (Melson) Formula]. The required or necessary expenses which have been allowed as deductions are limited by Family Court decisions. See, e.g., M. v. H., Del.Fam., C.A. No. 667–78, James, J. (Aug. 22, 1979) [denying deduction for payments directly to the children]; Hines v. Hines, Del.Fam., Civil No. C–2609, Gallagher, J. (July 10, 1981) [denying insurance payments and credit union deposits]; and, Jean E.M. v. Stanley J.C., Del.Fam., Civil No. E–3942, Conner, J. (Jan. 25, 1983) [denying all business deductions, pension contributions and prior year's alimony payments]. However, if the deductions claimed are required by law or by the employer or directly benefit the children, they may be considered. Hines, supra [allowing deductions for prior wage attachment for

support of another child and mandatory pension contribution]; *M.E.M. v. W.F.M.,* Del.Fam., Civil No. C–4146, Horgan, J. (Apr. 30, 1979) [deduction for pension fund valid]; *Anderson v. Anderson,* Del.Fam., C.A. No. 826–81, Poppiti, J. (Dec. 7, 1982) [allowing a deduction for life insurance policies naming the children as beneficiaries, and for extraordinary medical expenses]. The key is whether the claimed expenditures reasonably and directly benefit the children. *See,* e.g., *Swedenhjelm v. McNair,* Del.Fam., Civil No. C–5643, Poppiti, J. (Aug. 28, 1979).

Because holdings in this Court permit the cost of the premiums of life insurance policies to be deducted from income the Court will allow petitioner a deduction of $21.28 (the amount paid monthly on the required policy), and respondent a similar deduction in the amount of $23.60 for a like policy. This, of course, presumes that the parties are actually paying the insurance premiums from his/her own funds.

## II Travel Expenses of Children

■ Should the travel expenses of the children relating to visitation, which expenses are paid for by the father be deducted from his income? No.

The father's request that the amounts paid in travel expenses of the children in visiting him is clearly unsupported by case law in this jurisdiction and will not be permitted in this case. *See,* e.g., *M.A.E. v. P.D.E.,* Del.Fam., Civil No. C–6371, Horgan, J. (June 29, 1979).

## III Business Deductions

What deductions if any are to be permitted the father in the way of "business expenses" such as depreciation and debt service which "business expenses" are characterized by the father as "Operating losses incurred by (Father) in connection with (his) real estate investments"? In this regard, father claims that certain "losses" in his business ventures should decrease the amount of income from which his child support obligation is to be determined. He claims almost $17,000.00 in "losses", much of which, as correctly pointed out by counsel for the mother, is merely a paper deduction for depreciation involving no out of pocket expenditures. Additionally, he claims deductions for interest payments on his investments loans. In support of the father's position, Mr. Tenenbaum cites this Judge's opinion in *Williams v. Williams,* Del.Fam., C.A. No. 598–79, Poppiti, J. (May 18, 1979) which held that, "the definition of 'legitimate business expenses' should be more restrictive and read to mean the minimal expenses necessary to conduct the business of the party." Since as a general principle, only taxes, FICA, and necessary/mandatory deductions will be subtracted from income actually received, the clear intent of the holding in *Williams* was to *limit* rather than *broaden* expenditures deductible from gross income for child support purposes.

■ This Court will not, therefore, permit a parent to place himself in debt when a child's welfare should be of primary importance. Just as a support obligor cannot voluntarily terminate his employment or reduce his income and then use it as a grounds for reducing or terminating child support, *See, Vane v. Vane,* Del.Fam., C.A. No. 384–77, Wakefield, J. (Nov. 19, 1982), neither can a parent with more than adequate income or potential for earning income and assets direct that income from satisfying his legal obligation to support his children. *See, O'Donnell v. Dellaquila,* Del. Fam., Civil No. E–1179, Gallagher, J. (Nov. 10, 1982); *Hines, supra;* and *Machen, supra.* Moreover, the Court's child support formula expressly recognizes that "where support obligor has inadequate income to meet his support obligations but does have assets convertible to cash, he will be required to convert all or some portion of said assets to cash for payment of support." Indeed, no cases being found to the contrary, this Court has consistently taken the approach that an individual's child support obligation comes first and may reduce one's

ability to acquire and hold marketable assets—not the other way around.

■ Further, this Court has held that it is not bound by deductions allowed by the federal and state governments for tax purposes when determining child support. *See, Mother G. v. Father G.,* Del.Fam., Civil No. 5–1703, Wakefield, J. (Feb. 27, 1976); *See also, Machen v. Machen,* 278 Pa.Super. 135, 420 A.2d 466 (1980). The Court is not restricted to tax law determinations as to what "necessary and proper" business expenses are deducted from income. The purposes and policies of the Internal Revenue Code are far different from those of Chapter 5, Title 13 of the *Delaware Code* pertaining to child support. Although, the federal government may have legitimate and worthwhile reasons to encourage business investments (e.g., to stimulate growth of our national economy), such investments are to be permitted only after sufficient support has been provided one's dependents. As articulated by Judge Melson in *I.B. v. R.S.W.B., supra,* "The support obligor will not be permitted to provide himself with more than his bare necessities until he has provided his dependents with their bare necessities." Of course we are not limited to "bare necessities" as the "support" is relative to the standard of living enjoyed by the family when they were a unit. *Gregory, J.M. v. Carolyn A.M.,* Del.Supr., 442 A.2d 1373 (1982).

Having stated the above the Court finds the father's net monthly income to be in the amount of $1,652.51 calculated as follows:

### Income

| | |
|---|---|
| Wages | $12,426.04 |
| Interest | 1,509.63 |
| Dividends | 1,631.68 |
| Commissions | 4,664.41 |
| Al Clay | 1,341.61 |
| State Tax Ref. | 576.60 |
| Fed. Tax Ref. | 1,675.92 |
| Sub Total | $23,825.89 |

### Deductions

| | |
|---|---|
| Fed. Tax | $2,306.60 |
| State Tax | 540.99 |
| City Tax | 73.25 |
| FICA | 819.57 |
| Life Ins. | 255.36 |
| Sub Total | $3,995.77 |
| Total | $19,830.12 or $1,652.51 monthly. |

### Arrearages

1983—The Court is satisfied that father has paid child support in the total amount of $1,165.00. This figure should, therefore, be used in establishing a figure for arrearages.

1982—The Court is satisfied that father has paid child support in the total amount of $1,960.00. Father's application to consider a $70.00 direct payment to the children is not allowed. Compare *Long v. Long,* Del.Fam., No. 79–7–31 C.V., Poppiti, J. (April 29, 1982). The figure of $1,960.00 should, therefore, be used in establishing a figure for arrearages.

1983—The Court understands that as of April, 1983 the father has tendered support in the amount of $1,020.00. It appears that $540.00 of the claimed amount remains uncashed as of April 29, 1983. Father should of course be permitted a credit for all sums paid to date.

■ An order entered regarding arrears may be in the form of a judgment recordable and enforceable through the Superior Court of the State of Delaware.

### IV Attorney's Fees

■ Counsel for Mother has applied for an award of Attorney's fees and in conjunction therewith has filed an affidavit in support thereof dated February 4, 1983. The Court views said application to be filed pursuant to 13 *Del.C.* § 513(4) and not pursuant to 13 *Del.C.* § 1515 in that the matter is before the Court on a petition for child support. For this reason, the proposition that the Court must find that the mother "lacked available funds to engage and pay counsel" *See, Husband S. v. Wife S.,* Del. Supr., 294 A.2d 89 (1972) is inapposite. Rather, in a child support case this Court has consistently held that in most cases the support obligor should be ordered to pay fees in order that neither the estate of the

children nor the estate of the petitioner will be depleted by costs of legal action. *See, Ann Marie S. v. Walter S.,* Del.Fam., Civil No. A–2160, Gallagher, J. (May 16, 1980).

 Having stated the above and their being no position taken by Mr. Tenenbaum regarding the number of hours claimed by Mr. Ashby in representing his client before this Judge, namely 27.1 hours for Mr. Ashby's time (billed at the rate of $85.00 per hour prior to January 1, 1983 and $95.00 per hour subsequent to that date) and 8.2 hours for Mrs. Karsnitz's time (billed at the rate of $50.00 per hour) and believing it to be fair and equitable to equalize the cost of the hearing before the Master where the father appeared *pro se* the Court finds the following:

1) The positions taken by the father regarding business losses, and visitation expenses have been previously addressed by this Court in developing decisional law regarding application of the child support calculation *See,* DR 2–106(B)(1).

2) The mother was substantially successful before the Master regarding the business losses issue and was successful before this Judge on same. (DR 2–106(B(4).

In this regard, therefore, the Court finds it fair and equitable to award fees and costs in the following amounts:

1) $340.00 for representation before the Master;

2) $2,851.00 for representation before this Judge;

3) $98.00 for costs.

This results in a total fee award of $3,289.28. An order entered regarding attorney's fees may be in the form of a judgment recordable and enforceable through the Superior Court of the State of Delaware.

V

Counsel for the Mother shall prepare a form of order in conformity herewith. Said order shall be approved by counsel for the father as to form only. The order shall be submitted not later than August 12, 1983.

IT IS SO ORDERED.