**William R. TOPPER, Appellant,**

v.

**Bonnie R. TOPPER, Appellee.**

Superior Court of Delaware,
New Castle County.

Submitted: May 16, 1984.

Decided: June 13, 1984.

Upon appeal from the Family Court. Affirmed.

Charles Gruver, III (argued), of Bayard, Brill & Handelman, P.A., Wilmington, for appellant.

Joel D. Tenenbaum (argued), of Woloshin & Tenenbaum, P.A., Wilmington, for appellee.

O'HARA, Judge.

Appellant, William R. Topper, has appealed a decision of the Family Court which determined his child support obligation under the Melson Formula * and found him in arrears in an amount exceeding $4,000.00. Appellant contends that the Family Court erred as a matter of law and/or abused its discretion in failing to deduct certain business expenses for purposes of determining "net income" under the Melson Formula, and by requiring that certain business expenses be included in appellant's net income while refusing to recognize other payments actually made.

█ On appeal from the Family Court the scope of review extends to a review of the facts and law as well as a review of the inferences and deductions made by the trial judge. *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, Del.Supr., 402 A.2d 1202 (1979). The parties do not dispute the facts determined below. The sole issue on appeal is a legal one: whether the Family Court erred when it disallowed certain business expenses prior to determining appellant's net monthly income. The pertinent facts are as follows:

On July 12, 1979, the parties entered into a separation agreement providing, *inter alia*, for custody and child support relating to three minor children. The relevant portion of the agreement provided:

2. *Child Support.* As set forth in previous paragraphs, this Separation Agreement presently contemplates one child residing with husband and two children residing with wife. *It is the intention of the parties that support be established under the guidelines of the Family Court's application of the "Melson Formula".* At the present time, this would result in a support obligation on the part of the husband in the sum of $_____ [sic]. The aforesaid monies shall be made available to wife, each month in two equal installments due and owing the 1st and 15th of each month.

*The parties shall compare their respective earnings three months from the date of this Agreement and each year thereafter for adjustments by way of "offset credits" resulting from the application of the Melson Formula which may be operative at that time, against respective earnings of the parties,* and subject to any change with respect to custodianship of the children. (Emphasis added).

In November, 1979, appellant was hired by Thikol Corporation as an engineer, and his annual gross income was approximately $27,000.00. Based on this salary, he paid $300.00 per month in child support.

In March, 1981, facing termination, appellant left Thikol and made reasonable efforts to find new employment in his field. When his efforts appeared fruitless, appellant established a corporation with himself as sole shareholder, which then purchased "Peddlar's Pizza", a retail restaurant.

The purchase price of the business was $55,000.00. Appellant loaned the corporation $15,000.00 (from the remainder of an inheritance) and the corporation signed a promissory note in the amount of $40,-000.00 which was to be paid to the former owner of the business over five years at ten percent interest. Appellant also bought a car for his present wife who then leased it back to the corporation.

---

* A series of calculations which has been adopted by the Family Court in order to determine, as a rebuttable presumption, a parent's child support obligation.

The Family Court specifically disallowed the following deductions from appellant's annual income for purposes of calculating his child support under the Melson Formula:

1. Depreciation on the business equipment ($6,675.00);

2. Amortization of the cost associated with the purchase and initial organization of the business ($2,070.00);

3. Monthly lease payments to appellant's present wife for the use of her automobile ($2,250.00); and

4. Interest payments which were paid by the corporation to the former owner of the business, by way of the $40,000.00, five year, 10% note ($2,594.00).

In its decision on motion for reargument, the Family Court more fully explained why it disallowed the above items:

In order to carry out the parties' intentions, the Court endeavored to determine the father's monthly "net income" as that term is used in the Melson Formula and as the parties must have understood it when they entered into their separation agreement. To do this, the Court sought to make adjustments in the financial statements of respondent's corporation by whom he was employed as would make his situation and income for child support purposes comparable to that of a person employed by an unaffiliated employer. In the latter case, "monthly net income", the basic figure for calculating child support by the formula is the sum of salary, interest, dividends and other income without deductions for depreciation, amortization, automobile operation and expenses, principal and interest on car payments, interest on home mortgage or other debts.... That is the reason the Court added back those items to determine respondent's net income. "Monthly net income" for Melson Formula purposes is not the same thing as the net income of a corporation under generally accepted accounting principles or for federal and state income tax purposes.

■ It has been well established in the Family Court that that Court is not restricted by federal and state tax law determinations as to which "necessary and proper" business expenses are deductible from income for calculating child support. This is consistent with the decisions of courts in sister states, which have had opportunity to consider this issue. For example, the Pennsylvania Superior Court has held:

In determining a party's potential earning capacity, the evidence of income as reported by the party to the federal government is not conclusive. [T]he federal government's decision not to tax particular items does not control the calculation of earning power as one of the elements in determining a support order.... An item not considered income for tax purposes may nevertheless properly be considered in determining a party's support obligation. [Cites omitted]. *Machen v. Machen*, Pa.Super. [278 Pa. Super. 135], 420 A.2d 466 (1980).

■ In the case *sub judice*, appellant contends that certain expenses which were legitimate business expenses for tax purposes should be similarly deducted for child support purposes. However, the purposes and policies of the Internal Revenue Code are far different from those of 13 *Del.C.*, Chapter 5 pertaining to child support. Indeed, the federal government may have legitimate and worthwhile reasons to encourage business investments by allowing their deduction for tax purposes, but the deductibility of such investments will not take priority over the obligation of a parent to support his or her children. Thus, such investments will be permitted only after sufficient support has been provided to one's dependents.

Seen in this light, appellant's contentions, that certain tax deductible business expenses are deductible for determining child support as well, must fail.

■ The first expense under dispute is depreciation on business equipment, at an accelerated recovery rate so that a larger amount is deducted from taxes over a

shorter time period. This deduction is merely a paper loss. While it certainly is deductible for tax purposes, to deduct it for child support purposes would decrease appellant's net income without decreasing his available cash. Such a decrease in his income would lower his child support obligations, with the effect that appellant's children would finance the cost of replacing his business equipment through decreased child support payments, while appellant's available cash would actually increase due to his resulting lower payments. The Court will not reward a parent for making business investments at the expense of the children. The Family Court, therefore, was not in error and did not abuse its discretion in disallowing such a deduction for depreciation.

■ Appellant also seeks to deduct an amount for amortization of the business good will and covenant not to compete, which were included in the original cost of the business. Applying the same analysis as was done for depreciation, the Court holds that amortization, although deductible for tax purposes, is merely a paper loss, and shall not be deducted in determining child support in this case.

■ Next, appellant seeks to deduct interest payments by the corporation to the former owner and to the appellant for the purchase of the business. Unlike depreciation and amortization, this item does involve an actual cash expense by the corporation. Appellant contends that if the business mortgage payments had not been paid, there would have been no income to fight over with regard to child support. This may be true. However, the Family Court did not order appellant not to make the payments and not to deduct them for income tax purposes. The Court merely disallowed the deduction for child support because, in exchange for the payment, appellant was acquiring a tangible asset, the business itself.

Appellant further contends that once the business is paid for, and the payments cease, there will be more funds available for child support. The fallacy in this reasoning, however, is that by the time the five year business mortgage is paid off, two of his three children will have attained eighteen years of age and appellant will have no further support obligations on their behalf under 13 *Del.C.* § 501. In the meantime, appellant will have acquired an asset with payments which, he argues, should be deducted from his income for determining child support. The actual result would be to divert present income into future assets for the appellant which will not be available to the children during their minority. In effect, appellant's children would help finance the purchase of the business through reduced child support. There was no error nor abuse of discretion when the Family Court disallowed the corporation's interest payments on notes for the purchase of the business and the loan from appellant.

■ Finally, appellant contends that lease payments by the corporation for an automobile should be deducted as a legitimate business expense. The record indicates that appellant purchased a car in his present wife's name and then leased it to the corporation. While this arrangement is perfectly acceptable for tax purposes, again, the Family Court is not bound by tax law in calculating child support obligations. Under this arrangement, the owner of the car will receive the financial benefits of both the rent and the depreciation. Thus, although the lease payments were a deductible business expense of the corporation, those payments have actually inured to appellant's financial benefit. The Family Court did not abuse its discretion in disallowing the car leasing payments.

This Court, therefore, holds that the decision of the Family Court is free from legal error and does not exhibit an abuse of discretion. For the above reasons, the decision is affirmed.

IT IS SO ORDERED.