537 A.2d 35

Richard A. McWILLIAMS, Appellant,

v.

Sara A. McWILLIAMS, Appellee.

Superior Court of Pennsylvania.

Argued Nov. 17, 1987.

Filed Feb. 11, 1988.

596

Thomas E. Africa, Warren, for appellant.

Before WIEAND, MONTEMURO and POPOVICH, JJ.

WIEAND, Judge:

The issue in this appeal is whether a wife who is employed as an executive secretary should be required to contribute to the support of a husband whose job as a township police officer has been eliminated and who is unemployed. The trial court rejected the hearing officer's recommendation for an order of forty ($40.00) dollars per week, found that the husband had failed to show a need for support, and dismissed the husband's petition. Husband appealed. We reverse.

Richard A. McWilliams and Sara A. McWilliams were married on April 22, 1968. There were no children born to the marriage. Husband had been the chief of police in Mead Township for approximately fifteen years until the township supervisors, in 1986, abolished that position. Thereafter, McWilliams received unemployment compensation until it expired. At the time of the hearing before the trial court, he was unemployed, living with his mother and borrowing money from her to meet his expenses. He had taken a civil service exam but had been unable to find employment in Warren, where he resides.

Wife was employed as a secretary by Struthers–Wills Corp., which paid her a gross salary in 1986 of $20,996.18.[1] The trial court found that her weekly take-home pay was $287.79. She lives in a home which she owns jointly with her brother.

Husband and wife own jointly a residence which has a value of Forty Thousand Dollars and a vacant lot having a value of Five Thousand Dollars. Neither the residence nor the lot is producing income. Wife has a pension plan and savings account. Husband owns approximately twelve automobiles, of which two are licensed and only five are operable. Most are inoperable; they are used for their parts, which McWilliams can occasionally sell to others.

When Husband's father died in 1983, the parties moved into the home owned and occupied by his mother. On

1. Her gross earnings in 1985 were $20,298.00.

March 1, 1986, wife left voluntarily and without husband's consent.

If the respective circumstances of the parties were reversed and the wife had asked for an order requiring the payment of support by her husband, the result would be clear. If a court refused to make an award, an appellate court would reverse. Why, then, shouldn't a wife be required to contribute to the support of a husband according to her ability when the husband is in need and has not by his conduct forfeited the right to be supported by a spouse?

In *Henderson v. Henderson*, 458 Pa. 97, 327 A.2d 60 (1974), the Supreme Court said:

The thrust of the Equal Rights Amendment is to insure equality of rights under the law and to eliminate sex as a basis for distinction. The sex of citizens of this Commonwealth is no longer a permissible factor in the determination of their legal rights and legal responsibilities. The law will not impose different benefits or different burdens upon the members of a society based on the fact that they may be man or woman. Thus, as it is appropriate for the law where necessary to force the man to provide for the needs of a dependent wife, it must also provide a remedy for the man where circumstances justify an entry of support against the wife. In short, the right of support depends not upon the sex of the petitioner but rather upon need in view of the relative financial circumstances of the parties.

*Id.*, 458 Pa. at 101, 327 A.2d at 62.

In the instant case, the evidence discloses unequivocally that husband-appellant has a need and that wife-appellee's financial circumstances will permit her to contribute to that need without undue hardship. The evidence disclosed that employment was not immediately available to a forty-seven year old, unemployed policeman, with a high school education, in Warren, Pennsylvania. The same evi-

dence showed that appellant had been seeking employment as a laborer without success. The trial court's suggestion that he seemed satisfied to remain unemployed was simply not supported by the record evidence in this case. We also reject the trial court's suggestion that in order to be entitled to support it was necessary for appellant to show that he was willing to leave the community in which he lived and seek employment elsewhere in Pennsylvania or beyond.

The trial court, having found the absence of need for financial assistance, did not consider whether appellant had forfeited by his conduct the right to be supported by his wife. We have concluded that the evidence does not support the trial court's finding that there was no need. Therefore, we will remand so that the trial court can determine whether appellant, by his conduct, has forfeited the right to be supported by his wife.

Reversed and remanded for a determination of whether appellant forfeited his right to receive support contributions from the appellee. If the court determines that the right of support has been forfeited, it may reinstate the order denying spousal support. If the right of spousal support has not been forfeited, however, the trial court shall enter an order directing appellee to contribute to the support of appellant, her husband, in an amount to be determined by the court. Jurisdiction is not retained.

MONTEMURO, J., files a dissenting opinion.

MONTEMURO, Judge, dissenting:

I respectfully dissent. Our standard of review in support cases is unambiguous: we may not reverse the decision of the trial court absent a manifest abuse of discretion. "In order to determine whether an abuse of discretion has occurred, we consider whether the lower court has misapplied or overridden existing law, made a manifestly unreasonable judgement, or ruled with partiality, prejudice,

bias or ill-will. Among the principles of existing law that the lower court must apply is the principle that in determining a spouse's support obligation, the factors to be considered are income, potential earning capacity, and other property and financial resources."

*Machen v. Machen,* 278 Pa.Super. 135, 137, 420 A.2d 466, 467 (1980).

Further, "if there is sufficient evidence to sustain the trial court's decision, that decision will be affirmed." *Chase v. Chase,* 331 Pa.Super. 445, 451–53, 480 A.2d 1117, 1121 (1984).

In view of this very clear mandate, I find several of the majority's findings particularly troubling.

First, although our usual practice is to defer to the trial court's assessments on evidentiary matters, *id.,* the majority disputes the trial court's factual findings on all those elements intrinsic to a determination of support questions. Here the degree of appellant's need, earning capacity, and diligence in seeking employment determined by the trial court have all been dismissed by the majority on the basis of the same record and less proximity than the trial court enjoyed. Specifically, the trial court found that appellant resided with his mother, and although he claimed indebtedness to her, failed to submit evidence of this fact. Further, it was determined that appellant had made no concrete efforts to obtain employment, since he deliberately and severely restricted both the type and location of any prospective work. Additionally, appellant, the co-owner with appellee of a house, had not consented to rent the house to defray its expense, and testified as to two sales inquiries that he had no intention of responding. Finally, the trial court found that appellant was the title owner of twelve vehicles, some operable and some not. At hearing appellant admitted that at least two of these vehicles were valuable. I believe that in contradicting the trial court's assessment of these facts, the majority has erred.

The majority has also concluded that "If the respective circumstances of the parties were reversed and the wife had asked for an order requiring the payment of support by her husband, the result would be clear." (Majority Op. at 598). I strongly disagree. Regardless of the sex of the petitioner, actions such as those of appellant are sufficient to deny support. Since citations to *Henderson, supra,* appear in the lower court opinion it is obvious that the trial judge was aware of the equal rights ramifications of his decision. One part of the *Henderson* holding deserves yet another repetition: "the right of support depends not upon the sex of the petitioner but rather upon need in view of the relative financial circumstances of the parties." *Id.*, 458 Pa. at 101, 327 A.2d at 62. The trial court stated unequivocally that appellant had failed to demonstrate good faith by his minimal efforts to support himself. Given the evidence of appellant's testimony in the record, I would find no grounds on which to question that judgement. Nor do I believe a woman about whom the same could be said would be awarded support simply because of her gender. The concept of equal rights for men is crucial to the achievement of economic justice in spousal support cases. This case, however, does not present a fertile field for its application.

Finally, the majority also "reject[s] the trial court's suggestion that in order to be entitled to support it was necessary for appellant to show that he was willing to leave the community in which he lived and seek employment elsewhere in Pennsylvania or beyond." (Majority Op. at 599). The willingness to exert a reasonable effort to find employment includes at least a modicum of flexibility as to location. However, had appellant's job search demonstrated more determination in other respects, his resolve not to travel would have been less critical. Herein, appellant's less than impressive efforts, combined with his resolve in restricting the scope of those efforts, conveyed to the trial court a clear impression of less than enthusiastic intent. I believe this perception to have been an accurate one.

I would affirm.