## Commonwealth ex rel. Rankin *v.* Rankin, Appellant.

Argued March 17, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Edward D. McLaughlin,* for appellant.

*Lloyd Goman,* for appellee.

OPINION BY HIRT, J., April 16, 1952:

The final separation of the parties occurred 32 years after the marriage, when the relatrix left her husband in August 1951. We need not decide whether his mistreatment of her, which caused her to withdraw from the marital domicile, constituted such indignities as would entitle her to a divorce. The testimony clearly discloses that she had reasonable cause, adequate in law, for leaving him and that is all that is required. He therefore, is obliged to support her, since it is conceded that she is not chargeable with any misconduct which would supply him with valid ground for a divorce. *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 57 A. 2d 720; *Commonwealth ex rel. Berry v. Berry,* 165 Pa. Superior Ct. 598, 69 A. 2d 442. The respondent has recognized his liability to support his wife by voluntarily paying her $50 per week since

the separation. The lower court after hearing increased the amount to $125 per week. The single question calling for discussion in this appeal from that order is whether the award is excessive in amount under the circumstances.

The function of a court in a proceeding for support, such as this, under §733 of The Penal Code of June 24, 1939, P.L. 872, 18 PS §4733, is not to punish a husband for his misconduct but to fix an amount which is "reasonable and proper for the comfortable support and maintenance of . . [his] wife . ." There is a limitation by law on the maximum amount of such support order, when children are not involved, in the rule that the award may not exceed one-third of the husband's income. *Com. ex rel. Milne v. Milne,* 150 Pa. Superior Ct. 606, 29 A. 2d 228. But in determining the appropriate amount of the order the court is not restricted to the husband's actual earnings, but may also consider his earning power (*McMahon v. McMahon,* 167 Pa. Superior Ct. 51, 74 A. 2d 718; *Commonwealth v. Gleason,* 166 Pa. Superior Ct. 506, 72 A. 2d 595) and the nature and extent of his property and other financial resources. *Commonwealth v. Surovitz,* 148 Pa. Superior Ct. 342, 25 A. 2d 761.

Respondent has developed a highly profitable real estate business in the City of Chester. Whenever requested by him, relatrix, over a period of years, has performed clerical work in his real estate office. She is familiar with his property and the extent and sources of his income and her estimates have not been contraverted. Respondent's United States Income Tax return shows a total taxable income of $24,136.50 for the year 1950. His income tax for that year was $5,422.54. Respondent will be obliged to pay a total of $6,500 per year under the present support order and that amount is somewhat in excess of 1/3 of respondent's net income

as returned for income tax purposes for 1950 after payment of his tax for that year. But a wife is not necessarily concluded by the amount of her husband's taxable income as computed in his Federal Income Tax return. In the return in the present case it should be noted that respondent deducted $8,926.07, representing depreciation on real estate for the year, from the total rents received by him from income-producing properties owned by him alone or by entireties with the relatrix. Such deduction for annual depreciation of real estate by a taxpayer is proper in determining the amount of net income subject to the tax. But although the Internal Revenue Code sanctions deductions for depreciation of income-producing real estate such depreciation does not reduce the actual dollar income of the taxpayer, and does not enter into a computation of a husband's total income upon which a support order may be based. A man's first duty is to his wife and only actual business expenses may be deducted to determine his income to which she may look for her support. Cf. *Commonwealth ex rel. Betz et al. v. Betz,* 127 Pa. Superior Ct. 98, 102, 193 A. 338; *Com. ex rel. Barnes v. Barnes,* 151 Pa. Superior Ct. 202, 30 A. 2d 437. Without the benefit of the above deduction for depreciation of real estate, which as to relatrix is but a book entry, the amount of the order is well within 1/3 of respondent's actual income based on 1950 figures, which we accept as representative of his income in 1951 when the order was made.

In any view the amount of the order is justified by the large capital resources of the respondent, considered in conjunction with his actual income. The parties own real estate by entireties (on which respondent has collected and retained the rents) valued at about $140,000; other real estate, the title to which is in his name alone, is worth about $285,000. Cf. *Common-*

574

*wealth v. Surovitz,* supra. Respondent in the above tax return for 1950 included the net income from both classes of real estate as a part of his total earnings.

Relatrix now has an apartment to furnish and maintain. In seeking support she is not restricted to the cost of bare necessities. She is entitled to an award sufficient for her "comfortable support and maintenance" consistent in amount with respondent's income and station in life. The hearing judge was in better position than we to decide the issue on the merits. *Com. ex rel. Pinkenson v. Pinkenson,* supra. We find no abuse of discretion in the order.

Order affirmed.