Commonwealth *v.* Turnblacer, Appellant.

42

Submitted November 13, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Carmen V. Marinaro,* for appellant.

*Lee C. McCandless,* for appellee.

OPINION BY GUNTHER, J., December 28, 1956:

This is an appeal from an order of support made by the Quarter Sessions Court of Butler County. The action for support was brought by Agnes Turnblacer against her husband, Dr. Charles B. Turnblacer, appellant. On January 7, 1956, the Honorable CLYDE S. SHUMAKER made a temporary order against the husband in the amount of $400.00 per month until further order of court and without prejudice to appellant to proceed on the merits and without determination of the rights of the parties. This temporary order was complied with, and on April 3, 1956, appellant petitioned the court below for the vacation of said order on the ground that the wife had obtained employment as a school teacher and that she was earning $3,600.00 per year.

At the hearing, both parties testified as to the events which led up to the separation as well as to their respective earnings. At the conclusion of the hearing, the court below concluded that the wife was legally justified in leaving the home of her husband and entered an order of $300.00 per month for her support until further order of court. From this order, appellant has taken this appeal alleging that there was no justification for the withdrawal of the wife which entitles her to support and that the order of support was excessive.

As stated in *Commonwealth v. Cooper*, 183 Pa. Superior Ct. 36, decided this day, we are called upon to determine whether there is sufficient evidence to sustain the order of the court below. However, what we there said is equally applicable to the instant case. The only legal cause which would justify a refusal by the husband to support his wife is conduct of the wife which would support valid grounds for divorce. The wife need not establish facts which would entitle her to a divorce but only facts which would justify her living apart from her husband.

The parties were married on July 21, 1941 and resided together until August, 1953, when the husband's conduct became such as to compel the wife to withdraw from marital habitation. In July, 1954, appellant moved out of the apartment they occupied as living quarters on the third floor of the combination home and office building down to the second floor which was used as a hospital, where he continued to stay until January 13, 1955. On that date he moved back to the apartment on the third floor on the advice of his counsel, a fact which he did not deny. His reason for returning was not to effect a reconciliation (R. 24a):

"A. After I saw you, ah—on a Tuesday, then on Thursday morning, ah—about 9:15, he came upstairs

and announced to me that he was back. And when I had told him that no one had asked him to leave, but I wanted to know what brought him back then. And he said that his attorney had advised him to come back, and he took out his wallet and wanted to offer me some money then, and he said, 'If this is what you want, just tell me what you need.' He looked over the cupboard, grocery closet and so on and thought we had enough food in, and he said: 'Baby, your life is going to be a perfect hell from here on in.' "

The evidence discloses that on a number of occasions the husband tried to persuade the wife to leave and finally, in August, 1955, during the course of an argument, he ordered her out of the home. As she was leaving, he threw several articles at her. The evidence not only shows that the husband consented to her leaving but that he actively encouraged her to leave by his disdainful conduct. Under such circumstances, we are of the opinion that the court below was justified in concluding that the separation was with the consent of the husband. In such situation, the husband must support and maintain the wife commensurate with his financial ability. See *Commonwealth ex rel. Davidoff v. Davidoff*, 178 Pa. Superior Ct. 549, 115 A. 2d 892; *Commonwealth ex rel. Glener v. Glener*, 173 Pa. Superior Ct. 108, 94 A. 2d 108.

Appellant testified that during 1955 he had a gross income of $21,720.68. His net profit from business investments and from his profession amounted to $19,749.13. This net figure included several thousand dollars in depreciation. However, we have held that depreciation is not to be considered in determining the income from which the wife may seek support. *Commonwealth v. Rankin*, 170 Pa. Superior Ct. 570, 87 A. 2d 799. His income for the year 1954 was about the same. The

support granted to the wife, therefore, is considerably under the one-third rule and, undoubtedly, the court below took into consideration the fact that the wife had separate earnings of her own. We can find nothing in this appeal which would justify a reversal.

Order affirmed.