Commonwealth ex rel. Kolbe *v.* Kolbe, Appellant.

Argued April 21, 1958. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

Before BELOFF, J.

*Alfred L. Luongo,* with him *Edwin P. Rome,* and *Blank, Rudenko & Klaus,* for appellant.

*Kenneth Syken,* with him *B. Nathaniel Richter, Charles A. Lord,* and *Richter, Lord and Levy,* for appellee.

OPINION BY HIRT, J., June 11, 1958:

This was a proceeding brought by a wife for her support under §733 of the Act of June 24, 1939, P. L. 872, 18 PS §4733.

Within one year after the marriage in December 1956, the parties separated. During the time that they were living together the respondent struck his wife on a number of occasions and otherwise subjected her to

physical abuse; and even after the separation she had him arrested for assault and battery because of a beating by him at their apartment where she had gone to get her personal belongings. He was guilty also of other mistreatment of her, which was unbecoming a husband. On this record she is not chargeable with misconduct and although she had reasonable cause, adequate in law for leaving him, it was he who left her. Clearly he is obliged to support her.

The lower court after full hearing made an order on the respondent requiring him to pay his wife $30 per week for her support. No child was born to them. The single question is whether the *amount* of the order is reasonable and proper under the circumstances.

The husband for three and one-half years had been a "junior" salesman in the employ of Benrus Watch Company. He testified that he worked wholly on commissions; that his gross income for 1956 had been $8,443 and that it was $8,330 for the year 1957 up to November 30th. The lower court, however, on its estimate of his credibility, believed that his earnings actually were higher. Under respondent's employment contract according to his testimony, he was obliged to absorb his traveling and other business expenses out of his earned commissions. He testified that his business expenses for 1956 amounted to a total of $7,903 leaving net earnings of only $539 or about $10 per week. He said that that amount appeared as a deduction in his federal income tax return for the year. His testimony that his expenses amounted to that sum, the equivalent of about $30 per day, is too fantastic for credence. As to that, also, the lower court did not believe him and neither do we. "A man's first duty is to his wife and only actual business expenses may be deducted to determine his income to which she may look for her support": *Com. ex rel. Rankin v. Rankin,*

170 Pa. Superior Ct. 570, 87 A. 2d 799. Respondent's father is a "senior" salesman for the same watch company; the father's income for a number of years had ranged from $35,000 to $73,000. He has been indulgent of his son and undoubtedly will continue to be so. The father testified that during 1957 he withdrew a total of $4,500 from his bank account on checks which he made payable to "cash". The proceeds of these checks he turned over to his son. After the cancelled checks were returned to the father by the bank, on balancing his account, the father had his son endorse his name on each of them. This undoubtedly was done as an afterthought in an attempt to give the payments the color of loans. We with the lower court, believe that these payments to the son were gifts, and not loans as contended below.

Within the limit of a maximum of 1/3 of a husband's income it is for the court to fix an amount which is reasonable and proper for the comfortable support and maintenance of the wife. In determining the appropriate amount of such order, however, the court is not restricted to the husband's actual earnings but may consider the nature and extent of all of his other financial resources including periodic gifts which reasonably may be expected to continue. So also in arriving at the amount of a support order a wife is not necessarily concluded by the amount of her husband's taxable income as computed by him in his federal return. *Com. ex rel. Rankin v. Rankin,* supra. The credibility of the respondent as to his financial resources was for the trial judge. *Com. ex rel. Elgart v. Elgart,* 137 Pa. Superior Ct. 418, 9 A. 2d 202. And within the exercise of a reasonable discretion, the hearing court's estimate of the "sufficient ability" of a husband controls. *Com. ex rel. Pinkenson v. Pinkenson,* 162 Pa. Superior Ct. 227, 57 A. 2d 720.

From a consideration of the entire record in this appeal it clearly appears that the lower court is not chargeable with an abuse of discretion in fixing the amount of the order at $30 per week under the circumstances. The court however by inadvertence, in the order of February 25, 1958, made it retroactive to November 6, 1957, the date of the wife's petition. This, the court was without authority to do. *Commonwealth ex rel. Voltz v. Voltz*, 168 Pa. Superior Ct. 51, 76 A. 2d 464.

The effective date of the order is amended to February 25, 1958, and, as so amended, is affirmed.