**Commonwealth ex rel. Snellenberg v. Snellenberg**

*Sidney M. DeAngelis*, for relatrix.
*Stephen G. Yusem*, for defendant.

CIRILLO, J., August 11, 1972.—Defendant in this case has appealed to the Superior Court from the entry of a support order in the amount of $192 per week for the support of his wife, from whom he is separated, and two children aged five and three.

The wife testified that the needs of her and the children amounted to $242 per week based on a written breakdown of all the various expenses incident to living. She and the children live in a single home on which there is no mortgage. The wife has her own automobile, and, until the parties separated in early 1972, she had the benefit of charge accounts at many department stores and exclusive women's shops. The parties were accustomed to taking vacations and frequently dining out. It is clear from the evidence that defendant had accustomed his wife and children to a reasonably high standard of living.

Defendant on his income tax return for 1971 reported his gross income at $10,700. Of that sum, he reported net income from his business of some $7,000 and, in addition, reported dividend income, including that from a trust fund, of some $3,000. Defendant testified that during 1972 up until the time of the hearing he was making approximately 50 dollars per week from his business and another 50 dollars per week from another job he is now pursuing. Prior to the hearing, he had been giving his wife about $38 per week and he also paid the taxes on the home and paid for certain other miscellaneous items for the children. Despite the above figures, defendant during 1971 allegedly paid back to his father for a loan the sum of $1,200 and had

to pay some $900 in income taxes. His income tax return reflects $1,100 in contributions and $2,100 in medical expenses. In addition, defendant paid $70 per month toward a loan on his automobile and some $700 for insurance. In addition, defendant repaid a loan in the amount of $600 and was required to pay the taxes on his home in the approximate sum of $1,000. When all these payments are added up, it becomes readily apparent that defendant could not, on his reported income for 1971 of $10,700, maintain a family in the manner in which he did with what would have been left of his reported income after all those payments. It is inconceivable that he could have paid charge accounts, upkeep on automobiles and pay for vacations on what little might have been left after all of the listed payments were made. It is, therefore, clear to this court that defendant's income is far in excess of that which he reports on his income tax return. Defendant admitted on the witness stand to an income in excess of $13,000. His attorney conceded that his income was at least $15,000. The court believes that, in fact, defendant's income must have been well in excess of that figure in view of the standard of living established by defendant. The court arrived at the figure of $192 per week by subtracting $50 per week from the proven expenses of the wife and children for the reason that the wife testified she was about to get employment at approximately that figure deducted.

It is well settled that the court is not restricted to defendant's actual earnings but may also consider defendant's actual earning power: *Commonwealth ex rel. Fishman v. Fishman*, 213 Pa. Superior Ct. 342. Further, the court is not concluded by an income tax return: *Commonwealth ex rel. Kolbe v. Kolbe*, 186 Pa. Superior Ct. 256. It is proper for a court to consider

the style of living to which the family has become accustomed as well as defendant's present manner of living: Commonwealth ex rel. Gitman v. Gitman, 428 Pa. 387. It should be noted that defendant in this case is living in his own apartment at a monthly rental of $230.

Under all the circumstances in this case, the order of $192 is fully justified.