380 A.2d 398

COMMONWEALTH of Pennsylvania ex rel. Delores
A. ReDAVID, Appellant,

v.

Walter T. ReDAVID.

Superior Court of Pennsylvania.

Argued Sept. 15, 1977.

Decided Dec. 2, 1977.

John M. McAllister, Philadelphia, for appellant.

Ronald J. Klimas, Media, for appellee.

Before WATKINS, Presiding Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erroneously reduced its support award because the court (1) placed undue emphasis upon appellee's net income as reflected in his 1975 federal income tax return, and (2) incorrectly calculated

appellee's support obligation by failing to consider one element of that obligation, the market value or net worth of appellee's real estate holdings. We agree and, therefore, reverse and remand.

Appellant and appellee were separated on April 14, 1969. Subsequently, appellant filed a complaint in divorce against appellee. The Court of Common Pleas of Delaware County entered a support order on May 18, 1970, directing appellee to pay appellant $225.00 per week for her support and $75.00 per week for the support of their two children. In addition, the court ordered appellee to pay the costs of the mortgage, insurance, taxes, and repairs on the family home in which appellant resided with their two children. Subsequently, appellant petitioned for an increase in support; appellee responded with a petition to reduce support. On June 11, 1976, the lower court ordered a reduction in support and directed appellee to pay appellant $75.00 per week for the support of one child residing with her [1] and $125.00 per week for appellant's support. The revised order did not include the costs of the mortgage, insurance, taxes, and repairs. On July 12, 1976, appellant filed an appeal to this Court contesting the support order of June 11, 1976. Appellee filed a cross-appeal.[2]

Appellant contends that the lower court erred in reducing the original support order by failing to consider appellee's earning capacity for the years 1970 to 1975 and by relying too heavily on appellee's reduced net income as reflected in his federal income tax return for 1975. Our courts have long recognized that a support order must be fair, non-confiscatory, and based on all the circumstances of the parties existing at the time of the order. *Commonwealth ex rel. Kaplan v. Kaplan*, 236 Pa.Super. 26, 344 A.2d

1. After the proceedings, the lower court vacated the support order in the amount of $75.00 per week for the son because he left the appellant's home to live with appellee. Consequently, the subject of this appeal is the modified support order of $125.00 per week for appellant.

2. Appellee filed a cross-appeal, but raises no issues. Consequently, we refer to the wife as appellant.

578 (1975); *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer,* 226 Pa.Super. 301, 310 A.2d 672 (1973); *Hecht v. Hecht,* 189 Pa.Super. 276, 150 A.2d 139 (1959). Although a court may modify a support order if the financial circumstances of the parties change, the party seeking the modification has the burden of demonstrating a material and substantial change in circumstances. *Bell v. Bell,* 228 Pa.Super. 280, 323 A.2d 267 (1974); *Shuster v. Shuster,* 226 Pa.Super. 542, 323 A.2d 760 (1974). However, when reviewing an original or modified support order, our appellate courts will not reverse a lower court's order absent a clear abuse of discretion. *Costello v. LeNoir,* 462 Pa. 36, 337 A.2d 866 (1975); *Weiser v. Weiser,* 238 Pa.Super. 488, 362 A.2d 287 (1976).

In evaluating a spouse's support obligation, the factors to consider are the spouse's income, potential earning power, and the nature and extent of his property and financial resources. *Gitman v. Gitman,* 428 Pa. 387, 237 A.2d 181 (1967); *Shuster v. Shuster,* 226 Pa.Super. 542, 323 A.2d 760 (1974); *Shaffer v. Shaffer,* 175 Pa.Super. 100, 103 A.2d 430 (1954). Moreover, our courts have concluded that the federal government's decision not to tax particular items does not control the calculation of earning power as one of the elements in determining a support order. *Commonwealth ex rel. Rankin v. Rankin,* 170 Pa.Super. 570, 87 A.2d 799 (1952). Thus, "depreciation is not to be considered in determining the income from which the wife may seek support." *Commonwealth v. Turnblacer,* 183 Pa.Super. 41, 44, 128 A.2d 177, 179 (1956). See also *Commonwealth ex rel. Rankin v. Rankin,* supra. Finally, in evaluating a spouse's property and financial resources as one element in determining a support obligation, we recognize that the court must make a thorough appraisal of the spouse's stock interests, including their true worth or market value. *Gitman v. Gitman,* supra; *Commonwealth ex rel. Gutzeit v. Gutzeit,* 200 Pa.Super. 401, 189 A.2d 324 (1963). *See also Commonwealth ex rel. Fishman v. Fishman,* 213 Pa.Super. 342, 247 A.2d 810 (1968); *Hecht v. Hecht,* supra.

■ In 1969, the tax year upon which the lower court based its 1970 support order, appellee had a net income of $28,832.00. In 1975 appellee's net income was $15,015.00. This reduction in income was the result of allowable Internal Revenue Code deductions for depreciation on real estate and interest payments on investments. However, it is clear that a spouse's present expendable income, potential earning power, and property and financial resources rather than his net income, determine the reasonableness of a support order. *Gitman,* supra; *Shuster,* supra. Consequently, the lower court erred in decreasing its support order based solely on appellee's reduced net income for 1975.

■ Additionally, the lower court failed to consider appellee's total property and financial resources by failing to consider the market value or net worth of appellee's real estate holdings. Although appellee testified about some of his real estate holdings, with the exception of one investment, the record does not reveal the market value or net worth of appellee's investments. By failing to inquire into all of appellee's numerous and complex corporate interests and transactions, the lower court did not properly evaluate all the factors necessary to determine the reasonableness of a support order.

We conclude that the lower court erred in unduly emphasizing appellee's net income as reflected in his 1975 federal income tax return and by failing to consider the market value or net worth of all of appellee's real estate interests in modifying the support order. Accordingly, we reverse and remand to the lower court for an evaluation of appellee's income, potential earning power, and property and financial resources, including the market value or net worth of his real estate earnings.

Order reversed and case remanded for proceedings consistent with this opinion.

WATKINS, President Judge, and JACOBS and PRICE, JJ., dissent.