519 A.2d 967

**Leon F. LYDAY, III**

v.

**Bettie S. LYDAY, Appellant.**

Superior Court of Pennsylvania.

Argued May 22, 1986.

Filed Dec. 30, 1986.

Kathy M. McCarty, State College, and Bettie S. Lyday, appellant, in propria persona.

Robert B. Mitinger, Jr., Bellefonte, for appellee.

Before CIRILLO, President Judge, and TAMILIA and HESTER, JJ.

TAMILIA, Judge:

This appeal follows the entry of a support Order granting the exceptions of appellee, Leon Lyday and ordering Bettie Lyday to pay $50 per week child support.

While we will consider the merits of the appeal, at the outset we determine that the appeal must be quashed.

The basis for quashing this appeal is the failure of appellant to file a notice of appeal within thirty (30) days of notice of the entry of the support Order as required by Pa.R.A.P. 903.

The procedure in a support action is governed by Pa.R. C.P. 1910.11 or 1910.12 which calls for a hearing, the preparation of a report, the filing of exceptions, argument on the exceptions and the entry of a final Order. This case falls under Rule 1910.12 since the hearing officer was an attorney. These procedures were all followed and the final Order was dated and entered on the docket May 13, 1985.

A second docket entry on May 31, 1985 lists multiple Orders and a report of the hearing officer as being filed.

One of these items is the proposed Order prepared by the hearing officer and dated by him September 19, 1984. This Order has the date as May 23, 1984 at the top and is signed by the court and dated May 23, 1985. In addition, above the court's signature are typed the words *As Amended.* In substance this Order calls for the payment of $10 per week as support.

Appellant in her brief states the appeal is from the Order dated May 23, 1985. This was improper for this purported Order has no legal significance and is simply a reaffirmance of the Order of May 13, 1985.

The Order of May 13, 1985 was properly entered and as such constituted a final appealable Order. The letter of notice sent by regular mail, dated May 22, 1985, to the respondent, informing her of the Order and providing in-

structions as to payment procedures, constitutes adequate legal notice. There is no evidence in the record of a petition to modify or terminate this Order under Pa.R.C.P. 1910.19. Thus, the proper action was for appellant to file a notice of appeal by June 21, 1985, that is, within thirty (30) days of May 22, 1985, the mailing date of the Order of May 13, 1985. This was not done.

■ Appellant's action in filing a praecipe to enter judgment on June 24, 1985 also has no bearing on our determination. A support Order is a final appealable Order enforceable against the party at the time of entry. No praecipe is required to make it an appealable Order. No post-trial proceedings are permissible from a final Order of support. Pa.R.C.P. 1910.11(c) and 1910.12(g).

[3] An untimely appeal presents a jurisdictional issue and must be quashed. *Moring v. Dunne*, 342 Pa.Super. 414, 493 A.2d 89 (1985); *Murphy v. Brong*, 321 Pa.Super. 340, 468 A.2d 509 (1983). The filing of an appeal in the present case on June 24, 1985 was clearly outside the thirty-day limit as the final date upon which the appeal could be filed was June 21, 1985. Even under Pa.R.C.P. 236, failure to give notice does not affect a lien of judgment. Pa.R.C.P. 236(c). The subsequent Order of May 23rd, filed on May 31st, does not alter the finality of the May 13th Order, and failure of the prothonotary to give regular mail notice pursuant to Pa.R.C.P. 236 does not affect the time for filing an appeal from that Order so long as it appears adequate notice was given. Pa.R.C.P. 1910 et seq., Actions for Support provides at section 1910. Scope:

(a) Except as provided by subdivision (b), the rules of this chapter govern all civil actions or proceedings brought in the court of common pleas to enforce a duty of support.

Subsection (b) excludes RURESA, proceedings for indigent relatives, contracts and agreements and temporary support under the Protection From Abuse Act.

There is no specific rule as to notice of entry of a support Order although the usual procedure is to give notice by

regular mail from the clerks' office or the domestic relations office. Contained in this record was such a record of certification sent by the Domestic Relations Office in conformity with the direction of the court and provides verifiable satisfaction of notice requirements. When no rule provides for notice, such notice, as directed by the court, reasonably calculated to provide notice, will suffice. The reason for less stringent requirements in Domestic Relations cases is that, usually, the Order or recommendation is delivered forthwith by the master or judge under Pa.R.C.P. 1910.12(d), and within ten days exceptions must be filed (Pa.R.C.P. 1910.12(e)); if not filed, the court shall review the report and, if approved, enter a final Order pursuant to Pa.R.C.P. 1910.12(f). In most cases, the finding of the hearing officer stands, and upon notification by the Domestic Relations Office of the payment procedure on the confirmed final Order, the procedure is complete. If exceptions are filed, Pa.R.C.P. 1910.12(g) requires that the court hear arguments and enter the appropriate final Order. Obviously, at any point, were notice of the Order not given directly, some form of notification would be required; this can be accomplished, as directed by the court, through notification by the Domestic Relations Office by regular mail. Usually, accompanying this notice is a detailed statement of how, where and when payment must be made and the consequence of nonpayment. This means is required because frequently in nonsupport actions, the parties are uncounseled and the information given to them must be more explicit than simple notification of entry of a judgment. A copy of the dated letter of notification, as a business entry, serves equally as well as an entry of mailing on the prothonotary's docket as is required in other civil actions by Pa.R.C.P. 236.

■ If there was indeed a lack of notice aside from extending the appeal time, its only effect would be to place in question when the party required to pay would be compelled to start payment and would be relevant if any attempt was made to enforce the Order. The validity of the

Order itself would not be affected. Since the docket shows entry of the order of May 13 on May 13, with direction to the Domestic Relations Office to notify the parties, if notification was made prior to May 24th, this appeal is untimely. In fact, the record establishes that mailing of the May 13th Order by the Domestic Relations Office was accomplished on May 22, 1985 and the final date of notice of appeal had to be June 21, 1985. We, therefore, hold that the appeal was untimely filed.

While the appeal must be quashed because it was untimely filed, if we were to review the matter on the merits, it would be necessary to affirm the court below.

■  Pursuant to the exceptions, the court found: (1) that the appellant had additional income of $3,000 beyond the $10,402 listed on her IRS return, making her gross income greater than indicated; (2) that appellant failed to provide the hearing officer with a complete list of all assets, failing to include $35,000 received from her brother; (3) the hearing officer erred in including $200 per month for psychological counseling as living expenses for appellant, which should be available for child support; (4) that appellant's interest in Skyline Caverns is one-sixth and not one-sixteenth as found by the hearing officer, and (5) that appellant owned a 1984 automobile and not a 1982 model.

The court also questioned appellant's business expense, claiming 20,000 miles of travel and business expenses of $3,000 in covering accounts in her employment which were local in nature and within walking distance of her residence.

The court concluded that with the revised findings of fact, the appellant's income from all sources did in fact provide a sufficient basis for sustaining a support Order of $50 per week without invading her savings and other assets.

It is apparent that the court considered all relevant factors required to be weighed in entering a support Order. *See Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984). We perceive no error in the court's evaluation of the facts

22

and the application of the law thereto. This Court has held that the lower court must consider every aspect of a parents' earnings and financial ability to pay support for a child. These principles are set out below:

It is well established in evaluating a parent's support obligation the lower courts should consider the parent's income (or potential earning power if there is a disparity between that figure and actual income) and the full nature and extent of the parent's property interests and financial resources. *Commonwealth ex rel. ReDavid v. ReDavid,* 251 Pa.Super. 103, 380 A.2d 398 (1977); and see *Commonwealth ex rel. Gitman v. Gitman,* 428 Pa. 387, 237 A.2d 181 (1967); *Shuster v. Shuster,* 226 Pa.Super. 542, 323 A.2d 760 (1974); *Shaffer v. Shaffer,* 175 Pa.Super. 100, 103 A.2d 430 (1954). The parent's stock holdings, and other investments, at their market value, are among the factors the lower court should consider. *Commonwealth ex rel. ReDavid v. ReDavid, supra.* And see *Commonwealth ex rel. Gitman v. Gitman, supra; Commonwealth ex rel. Gutzeit v. Gutzeit,* 200 Pa.Super. 401, 189 A.2d 324 (1963). Quite naturally, the court should consider a parent's income, from whatever source; included in income should be monies received from the rental of real estate, but that 'income' must reflect actual available financial resources and not the offtime fictional financial picture which develops as the result of depreciation deductions taken against rental income as permitted by the federal income tax laws. *Commonwealth ex rel. ReDavid v. ReDavid, supra; Commonwealth v. Turnblacer,* 183 Pa.Super. 41, 128 A.2d 177 (1956); *Commonwealth ex rel. Rankin v. Rankin,* 170 Pa.Super. 570, 87 A.2d 799 (1952). Otherwise put, 'cash flow' ought to be considered and not federally taxed income. See *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer,* 266 Pa.Super. 301, 310 A.2d 672 (1973). The court must also consider the parent's interest in jointly held assets, but it may not consider the entire value of joint property as the parent's. *Commonwealth ex rel. Gitman v. Gitman, supra.*

*Commonwealth ex rel. Hagerty v. Eyster,* 286 Pa.Super. 562 at 568–69, 429 A.2d at 668–69 (1981), cited in *Curtis v. Curtis,* 326 Pa.Super. 40, 473 A.2d 597 (1984).

Many of the principles detailed above were considerations in this case. The standard of review applicable to child support cases does not permit us to reverse the lower court under these circumstances.

> [It] is well settled that we cannot disturb a lower court's order of support absent a clear abuse of discretion or law. *Commonwealth ex rel. Hagerty v. Eyster,* 286 Pa.Super. 562, 429 A.2d 665 (1981); *Commonwealth ex rel. Vona v. Stickley,* 287 Pa.Super. 296, 430 A.2d 293 (1981). A finding of such abuse is not lightly made and must rest upon a showing of clear and convincing evidence. The lower court must be upheld on any valid ground. *Straub v. Tyahla,* 274 Pa.Super. 411, 418 A.2d 472 (1980).

*Shindel v. Leedom,* 350 Pa.Super. 274, 279, 504 A.2d 353, 355–56 (1986).

For the above reasons we quash the appeal.

Appeal quashed.