584 A.2d 1040

**Keith A. HILL, Appellant,**

v.

**Luann M. HILL, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 13, 1990.

Filed Jan. 18, 1991.

Cregg E. Mayrosh, Hellertown, for appellant.
Richard J. Shiroff, Easton, for appellee.

Before MONTEMURO, TAMILIA and HOFFMAN, JJ.

MONTEMURO, Judge:

This is an appeal from a decree in equitable distribution following the parties' bifurcated divorce proceeding.

The parties were married in January of 1982 and separated three years later, in January of 1985. Their divorce was finalized in March of 1985. Two children, whose support is apparently the subject of a separate appeal, were born of the marriage. After hearing before a Master on the economic issues, appellee filed exceptions resulting in a de novo review by the trial court. The exceptions were sustained in part, and equitable distribution of marital property was ordered in accordance with an increased valuation of the income from certain real property. This appeal followed.

Although the appellant's claim is couched in language which would indicate that several questions are being raised, in fact only one is presented: whether the trial court abused its discretion in refusing to allow the straight line depreciation permitted by and displayed on appellant's federal income tax return to diminish the share of profits due to appellee from certain jointly owned rental properties which comprise the majority of the parties' assets.

Appellant and appellee are respectively thirty and twenty nine years old. Both are in good health. Appellant completed the eleventh grade and is employed in a family business as a heavy equipment operator earning approxi-

mately $265 per week net plus medical benefits. He shares with his fiancee an apartment owned by his parents for which the rent is $260 per month.[1] He also manages and maintains the two rental properties of which the profit is at issue here. The larger of these contains six apartment units, although only five are rented continuously. Appellant testified that the sixth apartment required extensive repairs which he had not the funds to make. The other property is a fully occupied four unit building. The mortgage balances on both is approximately $68,700, and the agreed upon value approximately $158,300. The combined straight line depreciation deduction taken upon this real estate on appellant's federal income tax forms is $7388.

Appellee is a high school graduate who is employed as an assistant program manager at a travel agency earning approximately $150 per week net. No health insurance is included. She has custody of the parties' two children, and with them resides in her parents' house, contributing to household expenses as she is able.

Appellant has made no claim that the trial court's ultimate disposition of the parties' property was inappropriate. Rather he argues that the trial court erred in refusing to regard the depreciation deduction as representative of an actual out of pocket loss, and in so doing artificially inflated the value of the marital estate.[2]

We begin by reiterating the principle that absent an abuse of discretion on the part of the trial court, we will not reverse an award of equitable distribution. *Hovis v. Hovis*, 518 Pa. 137, 541 A.2d 1378 (1988).

The question appellant presents has never been addressed by the appellate courts in relation to valuation for purposes of equitable distribution. However, as appellee correctly

1. During coverture the parties also resided in a family owned residence. Then, however, they paid no rent according to appellant's testimony.

2. Although appellant putatively advances four issues for our review, in truth he merely makes multiple restatements of one claim. They are in fact dealt with in an integrated manner in his argument, and will be addressed as one herein.

points out, it has often been dealt with for purposes of determining support. In *Commonwealth ex rel Hagerty v. Eyster*, 286 Pa.Super. 562, 429 A.2d 665 (1981) this court held that in computing income on which a support award is to be based:

> [q]uite naturally, the court should consider a parent's income from whatever source; included in income should be monies received from the rental of real estate, but that "income" must reflect actual available financial resources and not the oft-time fictional financial picture which develops as the result of depreciation deductions taken against rental income as permitted by the federal income tax laws.

*Id.*, 286 Pa.Superior Ct. at 568–9, 429 A.2d 668–9. *See also, Flory v. Flory*, 364 Pa.Super. 67, 527 A.2d 155 (1987); *Lyday v. Lyday*, 360 Pa.Super. 16, 519 A.2d 967 (1986); *Parkinson v. Parkinson*, 354 Pa.Super. 419, 512 A.2d 20 (1986); *Leonard v. Leonard*, 353 Pa.Super 604, 510 A.2d 827 (1986); *Shapera v. Levitt*, 260 Pa.Super. 447, 394 A.2d 1011 (1978); *Commonwealth ex rel. ReDavid v. ReDavid*, 251 Pa.Super. 103, 380 A.2d 398 (1977).

The effect of federal income tax liability in determining value for purposes of equitable distribution has been addressed by our supreme court in *Hovis, supra.* There the dispute arose over appellant's valuation of his pension plan as well as certain stock held by appellant in his employer company. Under a written shareholder's agreement, appellant was required to redeem his corporate stock at book value. As this transaction would bring him a substantial gain, he reduced the value of the stock by an amount representing his anticipated federal and state capital gains liability. The same theory underlay his proposed pension valuation, that is, he valued the pension after calculating and subtracting the potential tax obligation.

As the Supreme Court pointed out, the list of factors provided by 23 Pa.S.A. § 401(d)[3] as relevant to achieving a

---

**3.** 23 Pa.S.A. § 401(d)
 (1) The length of the marriage.

just division of property does not include potential tax liability for the trial court to consider. The court then reasoned that due to unforeseeable changes in the tax rate, the liability calculated by appellant was subject to fluctuations which represented the possibility of an ultimately unfair division of property.

The contrast with the instant situation is instructive. In *Hovis* a deduction for an inevitable and actual out of pocket loss was disallowed in determining the equitable distribution of marital property because the exact size of the loss was not apparent at the time the distribution was to be made. Here we are faced with a paper deduction from current income which serves only to lessen the amount of income on which tax may be calculated: depreciation, like capital gains taxes, does not appear in the list of factors described by § 401(d). Despite appellant's insistence that the trial court has equated depreciation with cash in hand, in fact, the trial court merely found that appellant's claimed losses were increased by the depreciation, and found such losses "illusory."

The theoretical nature of the reduction in value represented by depreciation underlies this court's consistent refusal to regard it as a diminution of income for purposes of calculating support. Further, there is no argument here

(2) Any prior marriage of either party.

(3) The age health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including but not limited to medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation, or appreciation of the marital property, including the contribution of a party as a homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

that the deduction bears any relation to the market value of the property; it does not and need not do so. Nor, despite appellant's arguments to the contrary, does it relate to expenditures for maintenance of the properties. Moreover, appellant has failed to demonstrate how the depreciation affects his financial circumstances except to improve them by diminishing his tax liability. We find, as did the trial court that appellee has a right to share in that improvement.

Order affirmed.