**Eveann MURPHY, Appellee**

v.

**Nicholas MURPHY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 17, 2009.
Filed Jan. 22, 2010.

---

Eleanor M. Flannery, Doylestown, for appellant.

Madeline E. Schwartz, Philadelphia, for appellee.

BEFORE: STEVENS, GANTMAN, and ALLEN, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Nicholas Murphy ("Father"), appeals from the order entered in the Bucks County Court of Common Pleas, which upheld its June 12, 2008 order directing Father to pay spousal and child support to Eveann Murphy ("Mother"), upon finding that Father had received sufficient notice of the court's June 12, 2008 rescheduled support hearing. Specifically, Father asks us to determine whether the court provided sufficient notice of the June 12th hearing. We hold the court properly found Father had sufficient notice of the rescheduled hearing at issue. Accordingly, we affirm.[1]

¶ 2 The trial court opinion fully and correctly sets forth the relevant facts and procedural history of this case as follows:

On November 28, 2006, Mother filed a complaint for child and spousal support. A support conference was scheduled for March 6, 2007. Mother appeared and submitted her financial information. Father did not appear. Father was hand-served on April 2, 2007 by the Sheriff of Bucks County, and was notified of a rescheduled conference date of April 25, 2007. Father again failed to appear and a bench warrant was issued. On April [14], 2008, almost a year after the warrant was issued, Father appeared at the Bucks County Domestic Relations Office to address the outstanding warrant. Again, Father failed to submit any documentation concerning his income. Father, an independent owner-operator of a dump truck, did not complete the Income and Expense Statement in accordance with Pa.R.C.P. 1910.27.[2] On May 30, 2008, the [c]ourt issued an Order [re]scheduling the support hearing for June 12, 2008.

On June 12, 2008, Father again failed to appear. After the [c]ourt determined Father had notice, the support hearing was conducted in Father's absence. At the conclusion of the hearing, the [c]ourt entered a Support Order utilizing the basic guidelines calculation. Since Father had failed to submit any income information and had failed to file an income tax return since 2004, the [c]ourt relied upon two 1099 forms from 2006 provided by Mother to determine Father's earning capacity for 2007 and 2008 at $97,669.59. Mother also presented evidence that Father had dissipated the only two assets of the marriage. Father had not paid the mortgage for seventeen months. The testimony and bank records subpoenaed by Mother established that in 2006, without Mother's knowledge, Father cashed out an annuity. He received a net amount of $29,895.40 after taxes. Father deposited the money in his bank account and then began to distribute the money, by check, to his siblings.

The [c]ourt heard testimony on Mother's income and expenses. Mother has multiple sclerosis and can only work part time. She worked in the cafeteria of the children's school so she could be near her eight-year-old son who suffers from diabetes. This son needs his blood test-

---

1. At the outset, we observe Father's issues challenge only whether he received sufficient notice of the support hearing.

2. That same day, the court scheduled a support hearing for 5/2/08, and Father had notice of that hearing date. The 5/2/08 hearing did not occur. The court later postponed the hearing on 5/27/08, until the next available court date.

ed and blood sugar equalized several times a day. Despite her own ill health, Mother took a job in the school cafeteria which allows her to monitor the child's condition. Mother worked 23 hours per week at $7.75 per hour, for a net total of $597 per month. In addition, Mother paid $100 per month, or $1,200 per year, for her younger son's academic tutoring, plus $100 in additional tutoring over the summer. Mother also provided health insurance for herself and the two children through New Jersey Health Care. Mother requested the [c]ourt to allow Mother to provide health insurance since Father had allowed the insurance to lapse in the past.

Based upon this evidence and the support guidelines, the [c]ourt entered an [o]rder directing that Father pay a total of $3,860 per month, to be allocated $1,784 for the support of two children, ages 7 and 8, and $2,076 for spousal support, effective November 28, 2006. The [c]ourt credited Father $7,500 for direct payments made to Mother and directed that Mother [provide] medical insurance. The [c]ourt further [o]rdered that any unreimbursed medical expenses exceeding $250 annually per child would be paid as follows: 93% by Father, 7% by Mother. Arrears were to be paid at $100.00 per month.

Father asserts that he did not have notice of the June 12, 2008 hearing. The Family Court Docket entries establish the following history. On May 27, 2008, the [c]ourt entered an [o]rder continuing the support hearing to the next available date. On May 30, 2008, the [c]ourt entered an [o]rder rescheduling the support hearing for June 12, 2008. The May 30, 2008 [o]rder reflects that "Ser-

vice Type M" was made. Service Type M indicates the [o]rder was sent to Father's address of record through the regular mail. The mailing was not returned to the Domestic Relations Office. On July 21, 2008, Father filed a "Motion to Relist," arguing Father did not receive notice of the June 12, 2008 support hearing. The [c]ourt denied the Motion to Relist on December 12, 2008. On January 9, 2009, Father filed a Notice of Appeal. On January 12, 2009, the [c]ourt directed Father to file a Concise Statement of Matters Complained of on Appeal, pursuant to [Pa.R.A.P.] 1925(b), within 21 days of the date of the [o]rder. Father timely filed his Rule 1925(b) statement on January 30, 2009.

(Trial Court Opinion, filed March 9, 2009, at 1–4).

¶ 3 Appellant raises the following issues for our review:

> DID THE TRIAL COURT ERR WHEN IT FOUND THAT SUFFICIENT PROOF EXISTED TO RAISE THE REBUTTABLE PRESUMPTION THAT THE MAY 30, 2008 NOTICE FOR [THE] JUNE 12, 2008 HEARING WAS MAILED AND THAT SERVICE OF THE NOTICE FOR THE JUNE 12, 2008 HEARING WAS PROPERLY MADE?

> DID THE TRIAL COURT ERR WHEN IT FOUND THAT THE MAY 30, 2008 ORDER SCHEDULING THE JUNE 12, 2008 HEARING SATISFIED THE REQUIREMENTS OF [PA.R.C.P.] 1910.6?

(Father's Brief at 4).[3]

¶ 4 For purposes of disposition, we combine Father's issues. Father argues he did not receive notice of the June

---

**3.** On July 1, 2009, Father filed a motion to suppress Mother's brief and supplemental re-

produced record. We deny Father's motion.

12, 2008 hearing prior to the hearing date. Father concedes the "mailbox rule" is good law in Pennsylvania. Father asserts, however, that to receive the benefit of the rule's presumption of receipt upon proof of mailing, the party advocating receipt must establish the mailing occurred. Father maintains the docket entries do not indicate notice was sent. Father claims the notation "Service Type M," which appeared on the bottom of the court's order scheduling the June 12, 2008 hearing, is insufficient to establish mailing of notice. Father submits the record is devoid of any evidence of the prothonotary's general mailing procedures or the particular mailing practices that occurred in this case. Father suggests the mailbox rule presumption did not attach in this case. Father contends the court's June 12, 2008 hearing and subsequent order occurred *ex parte,* as Father had no opportunity to be present or heard.

¶ 5 Father also states Pennsylvania Rule of Civil Procedure 1910.6 requires the court to give parties to a support action twenty (20) days notice of all proceedings in which their support obligations might be established or modified. Father avers the court's docket entries indicate that the order scheduling the June 12, 2008 hearing was docketed on May 30, 2008. Father declares the court disregarded the notice requirement under Rule 1910.6, because the May 30th order gave Father and Mother only fourteen (14) days notice of the June 12th hearing. Father concludes the court denied him procedural due process, and this Court must vacate the court's order and remand for a new support hearing.

¶ 6 In response, Mother argues her divorce action with Father is still pending in New Jersey. To the extent Father challenges the portion of the court's June 12th order regarding spousal support, Mother also asserts Father's claim is interlocutory and not subject to appellate review. With regard to the child support, Mother maintains Father failed to appeal the June 12th order within thirty (30) days. Mother submits Father instead filed an untimely motion to relist the support hearing, more than the thirty (30) days allowed under 42 Pa.C.S.A. § 5505. Mother declares Father's appeal from the court's June 12th order is patently untimely, and this Court must quash the appeal.[4]

¶ 7 Alternatively, Mother contends that even if this Court decides Father's appeal is proper for review, the court correctly determined that Father did receive adequate notice of the June 12th hearing. In April 2008, when Father turned himself in on the existing bench warrant, Father signed an "Order for Court Hearing" listing the support matter for a hearing on May 2, 2008. Mother explains the docket entries include the signal, "NS," which is shorthand for "Notice Sent;" therefore, the docket entries establish proof of mailing. Mother relies on *Breza v. Don Farr Moving & Storage Co.,* 828 A.2d 1131 (Pa.Super.2003), to support her proposition that an entry on the docket that notice was sent is sufficient to establish proof of mailing. Mother stresses Father's mere assertion that he did not receive notice lacks corroborating evidence and does not rebut the mailbox rule presumption. Mother further asserts notice provisions are relaxed in support cases, and this Court has previously held that any method reasonably calculated to give notice will suffice.

¶ 8 Mother also claims due process does not confer an absolute right to be heard,

---

**4.** We observe Father timely filed the instant appeal from the court's December 12, 2008 order denying Father's motion to relist, but solely pertaining to the issue of notice and due process, not the court's June 12, 2008 support order as Mother suggests.

just an opportunity to be heard. Mother reminds us that Father has avoided every opportunity to be present and heard. Specifically, Father was aware the court scheduled a hearing for May 2, 2008, but failed to inquire about postponement; Father repeatedly failed to provide any documentation to substantiate his allegations of poverty; Father received notice on each scheduling order that if Father failed to appear or bring the required documentation, the court might issue a warrant for his arrest or enter an order in his absence; and at the December 12, 2008 hearing, Father again failed to bring the required documents, and instead provided the court only with a handwritten sheet purporting to detail his 2008 business income. Mother concludes the court provided Father with sufficient notice and ample opportunity to be heard, and this Court must affirm. For the following reasons, we agree with Mother's contentions.

¶ 9 Section 5505 of the Judiciary Code governs motions to modify support orders, and provides:

### § 5505. Modification of orders

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Additionally,

The [trial] court's authority under 42 Pa.C.S.A. § 5505 to modify or rescind an order is almost entirely discretionary; this power may be exercised *sua sponte,* or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal.

Although [Section] 5505 gives the trial court broad discretion, the trial court may consider a motion for reconsideration only if the motion is filed within thirty days of the entry of the disputed order. After the expiration of thirty days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of extraordinary cause justifying intervention by the court.

*Hayward v. Hayward,* 808 A.2d 232, 235 (Pa.Super.2002) (quoting *Stockton v. Stockton,* 698 A.2d 1334, 1337 (Pa.Super.1997)) (emphasis in original omitted).

¶ 10 Pennsylvania Rule of Civil Procedure 236 provides:

### Rule 236. Notice by Prothonotary of Entry of Order or Judgment

(a) The prothonotary shall immediately give written notice of the entry of

(1) a judgment entered by confession to the defendant by ordinary mail together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

(b) The **prothonotary shall note in the docket the giving of the notice** and, when a judgment by confession is entered, the mailing of the required notice and documents.

(c) Failure to give the notice or when a judgment by confession is entered to mail the required documents, or both, shall not affect the lien of the judgment.

(d) The prothonotary may give the notice required by subdivision (a) or notice of other matters by facsimile transmission or other electronic means if the party to whom the notice is to be given or the party's attorney has filed a written request for such method of notification or has included a facsimile or other electronic address on a prior legal paper filed in the action.

Pa.R.C.P. 236 (emphasis added). "Except as provided by subdivision (a)(1) relating to the entry of a judgment by confession, Rule 236 does not prescribe a particular method of giving notice. Methods of notice properly used by the prothonotary include, but are not limited to, service *via* United States mail and courthouse mail." Pa.R.C.P. 236, *Note. But see Hepler v. Urban,* 530 Pa. 375, 609 A.2d 152 (1992) (holding "NS" notation on blueback attached to order granting summary judgment did not meet Rule 236 requirement that prothonotary place notation in docket of service of court order to parties).

¶ 11 Pennsylvania Rule of Civil Procedure 1910.6 provides:

**Rule 1910.6. Notification**

Parties to a support action and their attorneys shall be provided notice of all proceedings in which support obligations might be established or modified. **Notice must be provided at least 20 days prior to the proceeding.** The parties and their attorneys shall also be provided with a copy of any order issued in the support action within 14 days after issuance of the order. If there is no activity in a support action for a period of three years, the domestic relations section shall send a notice to each of the parties' attorneys advising each attorney that his or her appearance in the support action shall be deemed to be withdrawn unless the attorney objects within thirty (30) days of the date the notice is mailed to the attorney. An attorney representing a party in a support action shall not be deemed to be representing that party in any other action, nor shall a withdrawal of appearance in a support action be deemed to be a withdrawal of appearance for the party in any other proceeding.

Pa.R.C.P. 1910.6 (emphasis added).

¶ 12 The "mailbox rule" provides that proof of a mailing raises a rebuttable presumption the mailed item was received. *Breza, supra* at 1135. Additionally, "the presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed." *Id.* (holding appellant's mere assertion that notice was not received, absent corroboration, is not sufficient to overcome mailbox rule presumption; docket entries established complaint containing notice of arbitration date was mailed, and there was no docket entry indicating complaint had been returned). *Compare Commonwealth v. Thomas,* 814 A.2d 754 (Pa.Super.2002) (holding Commonwealth's production of unstamped copy of hearing notice contained in clerk of court's file, and generic testimony regarding standard mailing practices for summary appeal hearing notices, was insufficient to trigger mailbox rule presumption).

¶ 13 The entry of a support order need not contain a Rule 236 docket entry that notice has been sent. *Lyday v. Lyday,* 360 Pa.Super. 16, 519 A.2d 967, 969 (1986). "There is no specific rule as to notice of entry of a support Order although the usual procedure is to give notice by regular mail from the clerks' office or the domestic relations office." *Id.* With respect to support orders, "When no rule provides for notice, such notice, as directed by the court, reasonably calculated to provide notice, will suffice." *Id.* We also observe there are reasons for less stringent notice requirements in domestic relations

cases, particularly where notice has been directly given to the parties. *Id.* (stating: "A copy of the dated letter of notification, as a business entry, serves equally as well as an entry of mailing on the prothonotary's docket as is required in other civil actions by Pa.R.C.P. 236").

¶ 14 Instantly, on July 21, 2008, Father filed a motion to relist the June 12, 2008 support hearing. As Father filed his motion more than thirty (30) days after the court entered its June 12th order, Father's motion was untimely on its face. *See* 42 Pa.C.S.A. § 5505. The court, however, interpreted Father's petition as a request to relist the support hearing for extraordinary cause, based on lack of notice and decided to address only Father's narrow due process claim.

¶ 15 Our review of the record shows Father appeared before the court on April 14, 2008, on the outstanding bench warrant related to the support proceedings. That same day, the court scheduled a support hearing for May 2, 2008, and Father signed an "Order for Court Hearing," listing the matter for a hearing on May 2, 2008. (*See* Order for Court Hearing, 4/14/08, at 1.) Thus, Father had **notice** of the scheduled May 2, 2008 hearing. The May 2, 2008 hearing did not occur. The court later postponed the hearing on May 27, 2008, until the next available court date. On May 30, 2008, the court issued an order rescheduling the support hearing for June 12, 2008. Significantly, the docket entry on May 30, 2008, reads: "**NS ORDER FOR HEARING FILED; HEARING FIXED FOR JUNE 12, 2008 AT 8:30AM. DATE REPLACES PRIOR HEARING DATE OF [MAY 2, 2008].**" "NS" is an accepted signal for "Notice Sent." *See generally Hepler, supra.* Additionally, the May 30, 2008 order indicates "Service Type M," which means the court sent the order to Father's address of rec-

ord *via* regular mail. *See* Pa.R.C.P. 236(a)(1). The docket entries indicate the mailing was not returned to the Domestic Relations Office. The record also confirms Mother's counsel sent Father a letter on June 1, 2008, advising Father of the upcoming support hearing.

¶ 16 The May 30, 2008 docket entry established proof of mailing and triggered the mailbox-rule presumption that Father received the order. *See Breza, supra.* To rebut the mailbox rule presumption Father offered only his mere assertion that he had not received notice of the June 12, 2008 support hearing. As a result, Father did not rebut the mailbox rule presumption. *See id.*

¶ 17 Additionally, Rule 1910.6 does not contain a specific provision concerning notice of postponements or rescheduling. *See* Pa.R.C.P. 1910.6. As a result, the court could use any means reasonably calculated to notify the parties of the rescheduled hearing date. *See Lyday, supra.* Given the totality of the circumstances, we reject Father's contention that failure to give him a full twenty (20) days notice of the rescheduled hearing date deprived him of due process. Importantly, Father had notice of a pending support hearing since April 14, 2008, when he signed the order scheduling the May 2, 2008 hearing. Father did not appear or even inquire about the hearing postponement. Once the scheduled hearing was postponed, Father should have exercised more vigilance regarding a new hearing date and closely monitored the status of his case. *See generally Federal Nat. Mortg. Ass'n v. Citiano,* 834 A.2d 645 (Pa.Super.2003), *appeal denied,* 577 Pa. 721, 847 A.2d 1286 (2004) (explaining property owner on notice of sheriff's sale was required to exercise reasonable dili-

gence to learn of rescheduled sale date). Thus, the court properly determined notice of the June 12, 2008 support hearing was sufficient under the facts of this case. *See Breza, supra; Lyday, supra.*

¶ 18 Based upon the foregoing, we hold the court properly found Father had suffi-cient notice of the rescheduled support hearing at issue. Accordingly, we affirm.

¶ 19 Order affirmed.