J-S17020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| NADINE L. COMEAU, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM J. BURGER, | |
| Appellant | No. 994 WDA 2015 |

Appeal from the Order May 22, 2015
In the Court of Common Pleas of Erie County
Domestic Relations at No(s): NS 200002722 – Pacses No 854102781

| | |
|---|---|
| NADINE L. COMEAU, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM J. BURGER, | |
| Appellant | No. 1021 WDA 2015 |

Appeal from the Order Entered May 27, 2015
In the Court of Common Pleas of Erie County
Domestic Relations at No(s): NS 200002722, Pacses No 854102781

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MAY 10, 2016**

William J. Burger ("Father") appeals *pro se* from the May 22, 2015 order finding Father in contempt for his failure to pay support, and the May

_____

[*]  Former Justice specially assigned to the Superior Court.

27, 2015 order which made a March 26, 2015 interim order for child support a final order.[1]  For the reasons that follow, we quash.

While this case has a long history, the facts relevant to this appeal may be summarized as follows.  Father and Nadine L. Comeau ("Mother") are the parents of one minor child.  Father's child support obligation originally was established in 2002.  Since that time, Mother and Father have petitioned the trial court to modify Father's support obligation multiple times.

On May 22, 2015, the trial court issued an order finding Father in contempt for his failure to pay support, and on May 27, 2015, the trial court issued an order which made a March 26, 2015 interim order for child support a final order.  Father filed a notice of appeal of the May 22, 2015 order on June 23, 2015, and a notice of appeal from the May 27, 2015 order on June 29, 2015.  Both Father and the trial court complied with the requirements of Pa.R.A.P. 1925.

Father presents the following multiple issues for our review, which we have reproduced verbatim:

> 1.    Did the trial court err in entering Orders containing statements which the court knew were false, after Judge Kelly previously admitted on 11/26/13 to falsifying an Order she issued on 9/20/13?

---

[1] By order dated July 29, 2015, this Court, *sua sponte*, consolidated the two appeals.

2.    Did the trial court err in failing state what Order the Defendant was supposed to have violated, and not proceeding according to Rules 1910.5, 1910.6, and 1910.11, and possibly violating the 5th & 14th Amendments of the US Constitution?

3.    Did the trial err in assisting Domestic Relations in the commission of Consumer Fraud, and by not issuing a Conference Summary, reason for Contempt referral, or Contempt ruling?

4.    Did the trial court err in refusing to recuse in the face of gross ethical conflicts, and by re-litigating a properly adjudicated matter upon the spontaneous motion of Judge Elizabeth Kelly?

5.    Did the trial court err in holding a Contempt hearing well in excess of 75–days from the date of the Contempt conference?

6.    Did the trial court err in ignoring the Americans With Disabilities Act and **Estelle v. Gamble**, and the Rights mandated for the disabled Defendant by Congress in the ADA, and by the US Supreme Court in **Estelle v. Gamble**; and by ignoring Defendant's 1st Amendment Right to the free exercise of religious beliefs?

7.    Did the trial court err by ordering the Defendant to pay $50 in Contempt costs without applying credit for the hundreds of dollars in filing fees out of which Domestic Relations has defrauded the Defendant within the past year, including $40 to file a petition in May 2015, out of which Domestic Relations simply took Defendant's money but provided nothing in exchange, committing Consumer Fraud as defined by:  § 4107. Deceptive or Fraudulent Business Practices. (a)(2);

8.    Did the trial court err by corrupting the State Office of Court Administration outside of public knowledge, and rigging judicial case assignment in Erie County, and giving Judge Kelly a free hand in cherry-picking select litigants for "special treatment?"

Father's Brief at ix-x (full italics and some bold type omitted).

Initially, we must determine whether we have jurisdiction to entertain either appeal.    Pennsylvania Rule of Appellate Procedure 903 provides: "Except as otherwise prescribed by this rule, the notice of appeal required by

Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). The notice of appeal shall be filed with the clerk of the trial court; "[u]pon receipt of the notice of appeal the clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken, which date shall be shown on the docket." Pa.R.A.P. 905(a)(3). "Because the timeliness of an appeal implicates our jurisdiction, we cannot address the merits of an appeal or cross-appeal before determining whether it was timely." *Krankowski v. O'Neil*, 928 A.2d 284, 285 (Pa. Super. 2007). "Th[is] 30-day period must be construed strictly. This Court has no jurisdiction to excuse a failure to file a timely notice." *In re Greist*, 636 A.2d 193, 195 (Pa. Super. 1994) (internal citation omitted).

As noted, Father appealed from the May 22, 2015 order. This order was entered on the docket on May 22, 2015, and the order reflects that Father was present at the time the order was issued. Order, 5/22/15, at 1. We note, however, the contradictory statement in the trial court's opinion indicating that Father failed to appear at or participate in the May 22, 2015 hearing. Trial Court Opinion, 8/11/15, at 2. We also note the designation "Service Type M" on the May 22, 2015 order. Order, 5/22/15, at 1.

Pa.R.A.P. 108(b) prescribes that, in civil cases, the date of entry of an order "shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given." Pa.R.A.P. 108(b).

Furthermore, "Service Type M" means the court sent the order to Father's address of record *via* regular mail. ***Murphy v. Murphy***, 988 A.2d 703, 710 (Pa. Super. 2010); Pa.R.C.P. 236(a)(1). Additionally, we have explained the following with regard to providing notice of support orders:

> The entry of a support order need not contain a Rule 236 docket entry that notice has been sent. ***Lyday v. Lyday***, 360 Pa.Super. 16, 519 A.2d 967, 969 (1986). "There is no specific rule as to notice of entry of a support Order although the usual procedure is to give notice by regular mail from the clerks' office or the domestic relations office." ***Id.*** With respect to support orders, "When no rule provides for notice, such notice, as directed by the court, reasonably calculated to provide notice, will suffice." ***Id.*** We also observe there are reasons for less stringent notice requirements in domestic relations cases, particularly where notice has been directly given to the parties. ***Id.*** (stating: "A copy of the dated letter of notification, as a business entry, serves equally as well as an entry of mailing on the prothonotary's docket as is required in other civil actions by Pa.R.C.P. 236").

***Murphy***, 988 A.2d at 709-710.

Thus, regardless of his appearance at the May 22, 2015 hearing, the record reflects that Father received notice of this order on May 22, 2015. In order to be timely filed, a notice of appeal from that order had to be filed by June 22, 2015.[2] Father's notice of appeal was not filed until June 23, 2015. Accordingly, Father's appeal from the May 22, 2015 order is untimely.

_____

[2] Because the thirtieth day fell on June 21, 2015, which was a Sunday, Father had until the next business day, Monday, June 22, 2015, to timely file his notice of appeal. ***See*** 1 Pa.C.S. § 1908 (Computation of time).

Father also filed an appeal from the May 26, 2015 order. The order dated May 26 was entered on the docket on May 27, 2015. Order, 5/27/15. The order reflects that "service Type M" was made. Order, 5/27/15. Accordingly, notice was provided to Father on May 27, 2015. **Murphy**, 988 A.2d at 710.

Accordingly, in order to be timely filed, a notice of appeal from the May 27, 2015 order had to be filed by June 26, 2015. Father's notice of appeal from this order was not filed until June 29, 2015. As a result, Father's appeal from the May 27, 2015 order is also untimely.[3]

Accordingly, we lack jurisdiction to consider the merits of Father's claims. We are constrained to quash Father's consolidated appeal.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2016

_____

[3] We note that on June 22, 2015, Father filed a petition to modify the May 22, 2015 and May 27, 2015 orders. However, we have stated that "[a] petition to modify an order of support cannot be a substitute for an appeal and a party may not attempt to relitigate matters adjudicated in the existing order." **Crawford v. Crawford**, 633 A.2d 155, 164 (Pa. Super. 1993). Thus, Father's petition to modify support did not constitute an appeal from either order.

- 6 -